## WILLIAM S. GODBE, *Petitioner*, v. THE CITY OF SALT LAKE, *Respondent*.

(See Shepherd *v.* Second Dist. Court post.)

1.  A statute which is relied upon as conferring original jurisdiction upon this Court, should be very clear, and should admit of no other reasonable construction.

2.  The Supreme Law of the Territory of Utah consists of the Constitution and the Laws of the United States, made in pursuance thereof, and all treaties made under the authority of the United States. This, of course, includes the Organic Act of the Territory.

3.  If the Legislative Assembly pass an Act inconsistent with the Organic Act, it is null and void, unless Congress affirmatively approves it. Then it would become part of the Constitution of the Territory, provided it be not in conflict with the Federal Constitution.

4.  This Court has no original jurisdiction, save in the one case of writs of *habeas corpus*, and in that case its jurisdiction is concurrent, and not exclusive.

5.  The jurisdiction of the Supreme Court of Utah is mainly appellate, and that of the District Courts mainly original.

This is a suit in equity, brought originally in this court. In his bill the Plaintiff alleges that he is a druggist by occupation, and carries on the business of a wholesale and retail druggist in the City of Salt Lake; and the Defendant is a corporation; that by virtue of an ordinance of said Defendant, passed October 27th, A. D. 1866, entitled, " An Ordinance relating to License for the the Manufacture and Sale of Spirituous, Vinous and Fermented Liquors," the said City of Salt Lake assumes the authority to impose upon the Plaintiff, in addition to his license as a druggist aforesaid, a license for retail sale of liquors of two hundred dollars per month, payable quarterly in advance, said license including quantities not exceeding three gallons; and a further license of one hundred dollars per month as a wholesale liquor dealers' license, payable quarterly in advance; that the sale of spirituous and vinous liquors is a part of his business as a druggist, the same being kept and sold by all druggists as a medicine; that the City of Salt Lake is engaged in the business of wholesale and retail liquor dealers, and has large quantities of spirituous and vinous liquors which it offers for sale at its liquor store, in said

city; that on the 11th day of July, A. D. 1870, the Defendant complained of the Plaintiff before one Jeter Clinton, Alderman of said city, charging this Plaintiff with selling one pint of spirituous liquors to one David Ray, for the sum of fifty cents, without first obtaining a license so to do, and contrary to the ordinance aforesaid; that in pursuance of said complaint, this Plaintiff was arrested, and a fine of one hundred dollars, with costs, was imposed by said Clinton, Alderman, and a judgment therefor was entered against this Plaintiff by said Alderman; that on the 25th day of July, A. D. 1870, this Plaintiff filed in this court his petition, alleging, among other things, that the said proceedings were without warrant or authority of law, and contrary to the course of the common law, and praying that a writ of *certiorari* issue to the said Jeter Clinton, Alderman; that the said writ did so issue; that on the 23d day of July, A. D. 1870, a complaint was filed before the said Clinton, Alderman, setting forth that this Plaintiff had sold four gallons of whisky contrary to said ordinance, whereby an action had accrued to the said city; that the said city is about to file other and numerous complaints against this Plaintiff for similar alleged violations of said alleged city ordinance, greatly to the annoyance and vexation of the Plaintiff; that in the complaint filed on the 23d day of July, A. D. 1870, and others filed and about to be filed by the said city against the Plaintiff, the same subject matter is embraced, and the same issue presented, as upon the writ of *certiorari* herein before mentioned, to-wit:

1st. That the said license is imposed without warrant and authority of law.

2nd. That the said license is unreasonable.

3rd. That the said ordinance, so far as it relates to this subject matter, is wholly null and void.

4th. That the said Jeter Clinton, Alderman, has no jurisdiction of the subject matter, and no authority to enter judgment against the Plaintiff, nor to hear and determine said cause.

5th. That the Plaintiff, by virtue of his license as a wholesale and retail druggist, has the right to dispose of spirituous and vinous liquors as drugs and medicines.

The Plaintiff further alleges that said Jeter Clinton, Alderman, has no jurisdiction of the subject matter of said complaints, and that under the laws of this Territory, he, the Plaintiff, is wholly without address by appeal, for this, that there is no provision for appeal from said Alderman's Court; that the said ordinance by virtue whereof said licenses are levied, and said fine imposed, is wholly null and void, for this,

That the said ordinance is unauthorized by the Act creating said city of Salt Lake, and the Act amendatory thereof.

That the said licenses so imposed as aforesaid, are imposed without any by-law, ordinance, or valid regulation of said corporation to justify the same.

That the said licenses are unreasonable, and, if enforced, destructive of the business of the Plaintiff.

That the said licenses are unequal and partial, in this that they impose a license fee irrespective of the amount or character of the business transacted.

That the said licenses are in restraint of trade and not uniform, in this, that they operate as a protective tariff to the liquor business of the Defendant, and impose upon a portion of those vending liquors the obligation to pay license therefor.

The Plaintiff further proceeds and says, that inasmuch as he cannot have relief in the premises by the plain, direct, and ordinary course of law, and inasmuch as the said actions, doings and pretenses of the said Defendant are contrary to equity and good conscience, and without authority of law, and tend to the manifest injury and oppression of the Plaintiff, he prays that an injunction issue from this court against the Defendant, against the Mayor, the Aldermen, the City Council of said City, and against the said attorneys, Snow & Hoge, and all other officers and employes of said city, enjoining them and each of them from further prosecuting said actions, and

from all further prosecution of this petitioner by reason of the alleged violations of said City Ordinances; and that the said Jeter Clinton, Alderman be enjoined from further proceeding upon said complaint against the Plaintiff.

On the order of Mr. Justice Hawley, the writs of *certiorari* and injunction prayed for, were issued, the first on the 25th, the other on the 26th day of July, A. D. 1870.

The answer of the Defendant puts in issue the material allegations of the bill of complaint, and denies the original jurisdiction of this court.

*Marshall & Carter* for the Plaintiff.

*Snow & Hoge* and *Hempstead*, for the Defendant.

McKEAN, C. J., delivered the Opinion of the Court.

The Defendent objects that this is not one of the class of cases in which an injunction may issue to prevent a multiplicity of suits, and cites Daniels' Chancery Pleadings and Practice, 3 vol , 1721; Story's Equity Pleading, 553; Story's Eq. Juris, 2 vol.. sec. 893-8; Adams' Eq., 439, 440-2. Without pausing to consider this point, let us proceed at once to the question of the original jurisdiction of this court.

In the case of Kerr *v.* Wooley, decided by this Court when Chief Justice Titus and Associate Justices Drake and McCurdy sat on this Bench, it was held that this court has general original jurisdiction. In the later case of Lawrence *v.* Wardell, decided by this court when Chief Justice Wilson sat here with my present Associates, the same doctrine was held, Mr. Justice Hawley delivering the opinion of the Court, the Chief Justice concurring and Mr. Justice Strickland dissenting.

With great respect for my learned associate who delivered the opinion of the majority of the court in that case, I regard this question as one of such grave importance, one so far reaching in its consequences, that, in my opinion, the doctrine of *stare decicis* should not prevent a re-examination of the subject. What, then, is

the jurisdiction of the Supreme Court of this Territory? It certainly has appellate; has it also original jurisdiction? If it has, is such original jurisdiction general or limited? Whatever jurisdiction it' has is conferred by the act of Congress entitled, " An Act to esiablish a Territorial Government for Utah." (9 Statutes at Large, chap 51, sec. 9. See Laws of ['tah, p. 25.) And upon section 9 of this act must we concentrate our attention. In order to better understand this section, as a whole and in its several parts, let us analyze it ·and arrange *seriatim* all its provisions that touch even remotely the question of the jurisdiction of the courts:

1. " The judicial power of said Territory shall be vested in a Supreme Court, District Courts, Probate Courts, and in Justices of the Peace."

2. " The Supreme Court shall consist of a Chief Justice and two Associate Justices, any two of whom shall constitute a quorum, and who shall hold a term at the seat of government of said Territory annually."

3. " The said Territory shall be divided into three Judicial Districts, and a District Court shall be held in each of said Districts by one of the Justices of the Supreme Court, at such time and place as may be prescribed by law."

4. " The jurisdiction of the several courts herein provided for, both appellate and original, and that of the Probate Courts, and of Justices of the Peace, shall be as limited by law."

5. Provided, that Justices of the Peace shall not have jurisdiction of any matter in controversy where the title or boundaries of land may be in dispute, or where the debt or sum claimed shall exceed one hundred dollars."

6. " And the said Supreme and District Courts respectively shall possess chancery as well as common law jurisdiction."

7. " Writs of error, bills of exception, and appeals, shall be allowed in all cases from the final decisions of said District Courts to the Supreme Court, under such regulations as may be prescribed by law."

8. "But in no case removed to the Supreme Court shall trial by jury be allowed in said court."

9. "Writs of error and appeals from the final decision of said Supreme Court shall be allowed, and may be taken to the Supreme Court of the United States, in the same manner and under the same regulations as from the Circuit Courts of the United States, where the value of the property or the amount in controversy, etc., shall exceed one thousand dollars."

"A writ of error or appeal shall also be allowed to the Supreme Court of the United States, from the decisions of the said Supreme Court created by this act, or of a Judge thereof, upon any writ of *habeas corpus* involving the question of personal freedom."

11. "And each of the said District Courts shall have and exercise the same jurisdiction in all cases arising under the Constitution and Laws of the United States as is vested in the Circuit and District Courts of the United States."

"And the said Supreme and District Courts of the said Territory, and the respective Judges thereof, shall and may grant writs of *habeas corpus* in all cases in which the same are granted by the Judges of the United States in the District of Columbia."

13. "And the first six days of every term of said court or so much thereof as shall be necessary, shall be appro priated to the trial of causes arising under the said Con stitution and Laws" (of the United States.)

"And writs of error and appeal, in all such cases, shall be made to the Supreme Court of said Territory, the same as in other cases."

Let us now consider the provisions in their order.

I. The provision that "the judicial power of said Territory shall be vested in" certain courts, naming them, has no bearing upon the question of the jurisdiction of any of those courts. We need, therefore, spend no time upon it.

II. The Supreme Court "shall hold a term at the seat of government of said Territory annually." Now, if

this court has general original jurisdiction, it follows that all actions that would otherwise have to be brought in the District Courts, may be brought in this Court; and from all parts of this vast Territory, extending more than five hundred miles from north to south, and more than five hundred miles from east to west,' in one of the most mountainous regions of the world, jurors, witnesses and defendants, must be compelled to come to Salt Lake City, in the northern part of the Territory, to attend court. Nothing need be said of the inconvenience and expensiveness of such a requirement. Nor is this all. This court may be so overwhelmed with litigation that its annual term may become a perennial term, preventing the Judges from repairing to their respective Districts, and thus, in effect, abolishing the District Court. Did Congress intend this? Does the law require or permit this? If so, let it be done. But that law should be very clear, and should admit of no other reasonable construction, which is relied upon as authority for such a practice.

III. Congress provided for three Judicial Districts in this Territory; directed that one of the Justices of the Supreme Court should hold a District Court in each district, and made it possible for him to hold as many terms, and at as many places, in his district, as should be necessary, It would not have been easy for Congress more clearly to have shown its intention to bring the "original" administration of justice as nearly as practicable home to the very doors of the people.

IV. " The jurisdiction of the several courts herein provided for, both appellate and original, and that of the Probate Courts and of Justices of the Peace, shall be as limited by law." The Organic Act provides four courts, naming them in their order, from the highest to the lowest. The provision just quoted also names four courts in their order, from the highest to the lowest, viz: 1, Appellate; 2, Original; 3, Probate; and 4, Justices of the Peace. A court mainly original, although in a minor sense appellate, is called a court of original juris-

diction; and a court mainly appellate, although in a minor sense original, is called a court of appellate jurisdiction. It is clear from the provision last quoted, that the jurisdiction of the highest court in this Territory is mainly appellate, and that of the next highest mainly original.

The provision that the jurisdiction of the said four courts "shall be as limited by law," can refer to none but paramount law, whether then existing, or then or theretofore, or thereafter enacted. The supreme law of the Territory of Utah is the Constitution and the laws of the United States made in pursuance thereof, and all treaties made under the authority of the United States. This, of course, includes the Organic Act of the Territory. (See Constitution, Art. 6, sub. 2.) If the Legisative Assembly were to pass an act inconsistent with the Organic Act, it would, be null and void, unless Congress were to affirmatively approve it. Then it would become paramount and part of the Constitution of the Territory, provided it were not in conflict with the Federal Constitution.

V. The provision in regard to the jurisdiction of Justices of the Peace, has no bearing upon the question under consideration.

VI. "And the said Supreme and District Courts respectively shall possess chancery as well as common law jurisdiction."

Learned counsel, in commenting on this provision, seem inadvertently to have assumed that the word " respectively " is synonymous with the word "originally." A moment's reflection, even without reference to a lexicon, will convince them of their error. Let it be observed, also, that the noun "jurisdiction," is not preceded or qualified by the adjective "original." No one will deny that Congress might so have amended this provision to make it read: "And the said Supreme and District Courts ' originally' shall possess chancery as well as common law jurisdiction;" or, so as to make it read: "And the said Supreme and District Courts respectively

shall possess chancery as well as common law ' original ' jurisdiction;" but then, Congress did not so amend it, and this court has no power to so amend it. It is well known to learned counsel that the Supreme Court of the United States, and the Circuit and District Courts of the United States within the organized States, "respectively possess chancery as well as common law jurisdiction;" and it is equally as well known that the jurisdiction of the Supreme Court of the United States is appellate and not original. The provision under consideration, simply and only, gives to the Supreme and District Courts of this Territory respectively chancery as well as common law jurisdiction. When we ask which has original and which appellate jurisdiction, we must look elsewhere for an answer.

VII. No one denies that this is an appellate court, but the question is, is it also a court of original jurisdiction?

VIII. " But in no case removed to the Supreme Court shall trial by jury be allowed in said court." Here again learned counsel assume the right to amend the Organic Act and add to this provision so as to make it read: " In no case removed to the Supreme Court shall trial by jury be allowed in said court; but in all cases originally commenced in the Supreme Court, trial by jury shall be allowed." It is sufficient to say that Congress enacted no such provision. It is well known to every lawyer that no case removed or appealed to the Supreme Court of the United States is ever tried by a jury. But what lawyer would therefore bring an original action in that court and demand a trial by jury? If the Supreme Court of the Territory is to have a jury, why should no conceivable case removed to this court be allowed to be tried by jury? As if to make it clear that this court was not to hear trials before juries, and was to be only an appellate court, Congress prohibited trial by jury in all cases removed into this appellate court even though they should be jury causes. Let us not bend or break the law by the forced inference, that because a case removed or appealed to this appellate court cannot be tried

by jury; therefore if the same case or any other case were originally brought in this court we must take jurisdiction of it, and grant a trial by jury. Let us remember the maxim: "*Sensus verborum est anima legis.*" "The meaning of the words is the spirit of the law;" and the other maxim: "*A verbis legis non est recedendum.*" "The words of the law are not to be departed from;" and still that other maxim: "*Si a jure discedas vagus eris, et erunt omnia omnibus incerta.*" "If you depart from the law you will wander without any guide, and every thing will be in a state of uncertainty to everybody."

IX. The provisions of the Organic Act in regard to writs of error and appeals from the final decisions of this court, to the Supreme Court of the United States, do not affect the question under consideration.

X. The remark last above is also applicable to the provisions touching writs of error on appeal from the decisions of this court, or of any Judge hereof, upon any writ of *habeas corpus* involving the question of personal freedom."

XI. "And each of the said District Courts shall have and exercise the same jurisdiction in all cases arising under the Constitution and Laws of the United States, as is vested in the Circuit and District Courts of the United States." What, then, is the jurisdiction vested in these last-named courts?

The Supreme Court of the United States has original jurisdiction in two classes of cases—1, those affecting ambassadors, other public ministers and consuls; 2, those in which a State shall be a party. (Constitution, Art. 3, Sec. 2.) In all other cases arising under the Constitution and Laws of the United States, within the States, the Circuit and District Courts of the United States have not only original but exclusive jurisdiction. This being the case the District Courts of this Territory clearly have not only original, but exclusive original jurisdiction in all cases arising under the Constitution and Laws of the United States within the Territory.

Can it be possible that it was the intention of Congress to compel all cases arising under the Constitution and Laws of the United States, all cases of the highest dignity, to be originally tried in the District Courts, and then to allow all petty cases, all cases above the jurisdiction of a Justice of the Peace, to be originally tried in the Supreme Court of the Territory? If such was the intention of Congress, most assuredly it should be somewhere expressed in such clear and unequivocal language as to put it beyond the possibility of a doubt.

XII. "And the said Supreme and District Courts of the said Territory, and the respective Judges thereof, shall and may grant writs of *habeas corpus* in all cases in which the same are granted by the Judges of the United States in the District of Columbia."

This language is clear and unmistakable. Had Congress said that the said courts, and the respective Judges thereof, shall have jurisdiction in all cases of *habeas corpus*, it might still have left open the question as to which should have original and which appellate jurisdiction. But the language is, "shall and may grant writs of *habeas corpus*." This language most explicitly gives to this court original, though not exclusive jurisdiction in one class of cases; and this is the only provision in the Organic Act which does explicitly give to this court any original jurisdiction. All other explicit provisions of the Organic Act, touching the jurisdiction of this court, make it an appellate court. To borrow the language of the Supreme Court of the United States in "Marbury *v.* Madison, (1 Cranch, 175,) "Where an instrument organizing fundamentally a judicial system, divides it into one Supreme, and so many inferior courts," etc , " then enumerates its powers, and proceeds so far to distribute them as to define the jurisdiction of the Supreme Court by declaring the cases in which it shall take original jurisdiction, and that in others it shall take appellate jurisdiction; the plain import of the words seems to be, that in one class of cases its jurisdiction is original and not appellate; in the other it is appellate and not original."

Had that great man, Chief Justice Marshall, near seventy years ago, been considering the case now at this bar, he could hardly have employed language more appropriate than that just quoted.

XIII. "And the first six days of every term of said courts, or so much thereof as shall be necessary, shall be appropriated to the trial of causes arising under the said Constitution and Laws" (of the United States). The word "trial" in this provision has no bearing upon the question under consideration, for it applies with equal propriety to an argument before Judges and to an investigation before a jury. (See Law Dictionary.)

XIV. "And writs of error and appeal, in all such cases, shall be made to the Supreme Court of said Territory, the same as in other cases." This clause of the Organic Act adds confirmation to the position taken under the eleventh point above considered, to-wit: That the District Courts have exclusive original jurisdiction in all cases arising under the Constitution and Laws of the United States. Assuredly no lawyer would risk his reputation by taking the position, that a cause may be originally tried in this court and then appealed to this court! There is abundant authority for saying that the District Courts shall originally try the cases of the highest dignity, but where is the authority for saying that the Supreme Court shall or may originally try the inferior case?

I am clearly of the opinion that the Organic Act confers no original jurisdiction upon this court, save in the one case of writs of *habeas corpus.* If there is any law conferring upon this court general original jurisdiction, it must be looked for elsewhere than in the Organic Act.

But learned counsel have referred to section 1, of chapter IV., of the Laws of Utah (page 34.) It reads thus: "Be it enacted by the Governor and Legislative Assembly of the Territory of Utah, That all the courts of this Territory shall have law and equity jurisdiction in civil cases, and the mode of procedure shall be uniform in said courts." If in any particular this provision conflicts with the Organic Act, in such particular it is null and void, unless it has been affirmatively approved

by Congress.   So far as the Legislative Assembly sought by this provision to affect the Supreme and District Courts, it substantially, but very unnecessarily, reaffirmed that provision of the Organic Act which has been considered under the sixth point above.   The Assembly did not undertake to say, and has no right to say, which of these courts shall have original and which shall have appellate jurisdiction.

A careful and analytical examination of all the law upon the subject, must lead, it seems to me, irresistibly to the conclusion that this court has not general original jurisdiction, and that it cannot entertain the questions arising in the case at bar, until it shall be called to pass upon them in its appellate capacity.

The petition for an Injunction is over-ruled, and the restraining order granted by Justice Hawley is dissolved.

STRICKLAND, J., concurred.

HAWLEY, J., dissented.

*For this dissenting opinion, see Utah Reports, Omitted Cases, 1869-71*