## G. F. WALCK, v. W. H. MURRAY, JOHN M. YOUNG, FRANK FRANTZ, AND CHAS. H. FILSON,

(Filed June 25, 1907.)

**COURT OF EQUITY—Powers and Jurisdiction—Constitutional Convention.** A court of equity has no power or jurisdiction to restrain or enjoin the constitutional convention, its officers or delegates, from exercising any of the rights, powers and obligations confided to it by congress or the people; nor can the powers of the court be invoked to restrain or enjoin the submission of the constitution or any provision contained therein, to a vote of the people, in advance of its adoption and ratification by the people, and its approval by the President of the United States, on the ground that the constitution, or any of its provisions, is unconstitutional or that the convention acted in excess of its lawful powers.

(Syllabus by the Court.)

*Original in Supreme Court.*

*Horace Speed* for plaintiff in error.

*J. F. King,* for defendant in error.

Opinion of the court by

HAINER, J.: This is an original action, brought by G. F. Walck against W. H. Murray, president of the constitutional convention, John M. Young, its secretary, Frank Frantz, governor of Oklahoma Territory, and Charles H. Filson, secretary of Oklahoma Territory. The material averments in the petition are as follows: That the plaintiff is

a citizen, taxpayer, and qualified elector of Day county, Oklahoma Territory. That the constitutional convention has inserted in the proposed constitution for the state of Oklahoma several provisions which are repugnant to the constitution of the United States and the principles of the Declaration of Independence, and in violation of the terms and conditions of the enabling act, and that the constitution is not republican in form. That Day county, named by the enabling act as one of the counties to be and remain in the second congressional district until the next national census, is eliminated, and its territory is divided between Roger Mills county and a new county called Ellis county, formed by said proposed constitution of the remainder of said Day county, and a part of Woodward county. That the proposed constitution further contains provisions dividing Greer county into three counties, called Greer, Jackson and Beckham, etc. It is further alleged that the legislative apportionment is not fair, just, or equal, but that the same is intentionally and grossly unequal, unjust, and unfair, and is not made with reference to the population or the qualified electors of the proposed districts, and is not based on the population of the proposed legislative districts. That the defendants will, unless restrained, issue said proclamation and proceed by the usual methods in the case of election, and which may result in the ratification of the unlawful provisions aforesaid, contained in said proposed constitution. That the petitioner is remediless at common law and except under the procedure in the courts of chancery. Wherefore, the plaintiff prays that this court grant an injunction, restraining and enjoining the defendants, and each of them, from issuing a proc-

lamation or calling an election, or doing any other act towards an election to ratify or reject or act upon the said constitution containing said provisions, or any of them, and upon the final hearing that the temporary injunction be made perpetual.

The same questions are involved in this case as were determined by this court in the case of *Frank Frantz et al v. G. E. Autry,* and upon that authority the plaintiff's cause of action must be dismissed for want of jurisdiction.

Irwin, J., and Pancoast, J., dissenting; all the other Justices concurring.