'State *ex rel.* Brett, *County Atty.,* v. Kenner *et al.*

No. 263. Opinion Filed August 29, 1908.

(97 Pac. 258.)

COURTS — Supreme Court — Jurisdiction—Injunction. The Supreme
Court is essentially a court of appeals, and is without original
jurisdiction to issue writs of injunction in cases where the relief
prayed for is purely injunctional.

(Syllabus by the Court.)

Original proceeding by the state, on relation of Rutherford
Brett, county attorney of Washita county, against H. A. Ken-
ner and others, to restrain defendants, as county commissioners,
from issuing certain warrants, and making a tax levy against the
property of the county to redeem such warrants. Dismissed.

*Rutherford Brett,* for plaintiff.

*Massingale & Duff,* for defendants Board of County Com'rs
and County Clerk of Washita county, Oklahoma.

*Shartel, Keaton & Wells,* for defendant A. O. Campbell.

Kane, J. This is an original proceeding in the Supreme
Court, commenced by the state of Oklahoma, on relation of
Rutherford Brett, county attorney of Washita county, Okla.,
against H. A. Kenner, T. G. Sappington, and J. T. Hinds, county
commissioners, W. B. Tharrington, county clerk of Washita county,
Okla., and A. O. Campbell. The prayer of the petition reads as
follows:

"Wherefore, plaintiff prays that upon the hearing hereof, the
said board of county commissioners, H. A. Kenner, T. G. Sapping-
ton, and J. T. Hinds, and their successors in office, be perpetually
enjoined from issuing said warrants, and from making any levy
against the taxable property of said county for the purpose of
redeeming said warrants, and from doing any further act look-

ing to the fulfillment of said contract, and that W. B. Tharrington, county clerk of said county, and his successor in office, be enjoined from attesting any warrant or warrants issued or proposed to be issued, by the said board of county commissioners, or under its direction, in furtherance of the terms of said contract, and that the said A. O. Campbell be enjoined from taking any steps, or doing any act under said contract, with respect to the erection or construction of said courthouse, so provided for in said illegal contract, and that plaintiff have the costs herein incurred, and such other and further relief as it may be entitled to in equity."

From the foregoing it is obvious that the relief prayed for is purely injunctional. The question therefore arises: Has the Supreme Court original jurisdiction to issue writs of injunction in such cases? That the Supreme Court of the territory of Oklahoma had not was settled in *Walck v. Murray et al.*, 18 Okla. 712, 91 Pac. 238, and the other Constitutional Convention Cases reported in the same volume. These cases followed the case of *Godbe v. Salt Lake City*, 1 Utah, 68, wherein Mr. Chief Justice McKean, after a thorough analysis of the Utah organic act, which was practically the same as the organic act of Oklahoma Territory, says:

"A careful and analytical examination of all the law upon the subject must lead, it seems to me, irresistibly to the conclusion that this court has not general original jurisdiction, and that it cannot entertain the questions arising in the case at bar until it shall be called to pass upon them in its appellate capacity."

It follows that, if this court has original jurisdiction to issue writs of injunction, it acquired power through some provision of the state Constitution. The part of section 170, Bunn's Constitution, conferring original jurisdiction on the Supreme Court, provides that: "The Supreme Court shall have power to issue writs of *habeas corpus*, mandamus, *quo warranto, certiorari*, prohibition, and such other remedial writs as may be provided by law, and to hear and determine the same." It will be noticed that specific mention of the writ of injunction is omitted from this clause of the Constitution. A great many of the states have

similar clauses in their Constitutions; most of them, though, as South Dakota, North Dakota, Illinois, Wisconsin, and others, in granting original jurisdiction to their Supreme Courts have included the writ of injunction in the grant.

Section 87 of the North Dakota Constitution empowers the Supreme Court of that state to issue writs of *habeas corpus*, mandamus, *quo warranto, certiorari,* injunction, and such other original and remedial writs as may be necessary to the public exercise of its jurisdiction. In *State v. Nelson County,* 1 N. D. 88, 45 N. W. 33, 8 L. R. A. 283, 26 Am. St. Rep. 609, it was held that "an injunction, restraining a county from issuing bonds to procure seed grain for needy farmers residing therein, will not be granted in the first instance by the Supreme Court under the North Dakota Constitution, § 87, authorizing such court to issue such writs, as it will issue such writs only in a limited class of cases, and not in a matter of purely local concern." And again in the case of *State ex rel. Moore v. Archibald,* 5 N. D. 359, 66 N. W. 234, the same court held that:

"The design of the North Dakota Constitution, § 87, empowering the Supreme Court to issue writs of *habeas corpus,* mandamus, *quo warranto, certiorari,* injunction, and such other original and remedial writs as may be necessary to the proper exercise of its jurisdiction, was not to confer on such court concurrent jurisdiction with the district court over all such writs, but only to give the former court jurisdiction in those cases in which the prerogatives of the sovereign power are directly and in some public and important respect involved, or the liberty of the citizen is at stake."

This doctrine is approved in *People ex rel. Kocourek v. City of Chicago,* 193 Ill. 520, 62 N. E. 179, 58 L. R. A. 833, wherein it is held that the "Illinois Constitution, art. 6, § 2, giving the Supreme Court original jurisdiction in mandamus cases, extends only to cases involving the rights, interests, and franchises of the state, and the rights and interest of the whole people, to enforce the performance of high official duties affecting the public at large, and in emergency (which the court itself is to determine)

State *ex rel.* Brett, *County Attorney,* v. Kenner *et al.*

to assume jurisdiction of cases affecting local public interest or private rights when necessary to prevent a failure of justice."

In the case of the *Attorney General v. Railroad Companies,* 35 Wis. 425-520, Mr. Chief Justice Ryan, after discussing the clause in the Wisconsin Constitution conferring original jurisdiction upon the Supreme Court, says:

"This view excludes jurisdiction of injunction in private suits, between private parties, proceeding on private right or wrong. In excluding them we feel quite assured that we are only giving effect to the very purpose and limit of the Constitution in the granting of injunction. * * * In our view the jurisdiction of the writ is of a quasi prerogative writ. The prerogative writs proper can issue only at the suit of the state or the Attorney General in the right of the state; and so it must be with the writ of injunction, in its use as a quasi prerogative writ. * * * It is the duty of the court to confine the exercise of its original jurisdiction to questions *publici juris.*"

The Constitutions of all the above-named states specifically mention the writ of injunction in the clauses conferring original jurisdiction upon their Supreme Courts, but it will be seen by the excerpts quoted, and from cases construing such clauses, that even where that is the case the Supreme Courts have been exceedingly careful in assuming original jurisdiction, confining the exercise of such jurisdiction to cases involving the rights, interests, and franchises of the state, and the rights and interests of the whole people, and to enforce the performance of high official duties affecting the public at large. It is clear to our mind that if the framers of our Constitution intended to confer on the Supreme Court original jurisdiction to issue writs of injunction, they would have followed in that respect the example of the states above referred to, whose Constitutions were no doubt before them, and would not have relied upon general terms to confer original jurisdiction on a court whose ordinary jurisdiction is essentially appellate.

There are other sound reasons for omitting the writ of injunction from the clause of the Constitution conferring original

jurisdiction on the Supreme Court and leaving such jurisdiction to the district courts of the state, which courts have general original jurisdiction, and are provided by law with the machinery for summoning and impaneling juries. Section 34, Bunn's Const. provides that:

"The Legislature shall pass laws defining contempts and regulating the proceedings and punishment in matters of contempt: Provided that any persons accused of violating or disobeying, when not in the presence or hearing of the court, or judge sitting as such, any order of injunction, or restraint, made or entered by any court or judge of the state shall, before penalty or punishment is imposed, be entitled to a trial by jury as to the guilt or innocence of the accused. In no case shall a penalty or punishment be imposed for contempt, until an opportunity to be heard is given."

In view of the foregoing restrictions upon the power of the courts to punish as for contempt the violation of injunctional orders, and in view of the fact that the Supreme Court is essentially a court of appeals, we are drawn to the conclusion that it is without jurisdiction to entertain the questions arising in the case at bar until it is called to pass upon them in its appellate capacity.

This construction also avoids the incongruity of giving to the Supreme Court original jurisdiction to issue writs of injunction when there is no adequate procedure to meet all the exigencies which may possibly arise from its exercise. Such an embarrassment was met by the Supreme Court of the Territory in *Territory ex rel. Galbraith v. Chicago, Rock Island & Pacific Railway Co.,* 2 Okla. 108, 39 Pac. 389. The organic act gave the Supreme Court of the territory original jurisdiction in mandamus proceedings. In the above case mandamus proceedings were joined with a cause of action which presented an issue of fact. Under the Code the parties had a right to demand a jury trial, which the court was bound to grant as a matter of right, and which was not a matter of judicial discretion. The Supreme Court held that in such a case it was powerless to act, no way of summoning a

State *ex rel.* Brett, *County Attorney,* v. Kenner *et al.*

jury having been provided by the Legislature for the Supreme Court, and the cause was accordingly dismissed.

We, therefore, hold that the Supreme Court is without original jurisdiction to issue writs of injunction in actions where the sole relief sought is the issuance of such writ. The cause is dismissed.

All the Justices concur.