**STATE ex rel. SMITH v. STATE ELECTION BOARD et al.**

No. 25906.   Oct. 9, 1934.

Lester E. Smith, and A. M. Fowler, for petitioner.

J. Berry King, Atty. Gen., Randell S. Cobb, Asst. Atty. Gen., Tom Anglin, S. W. Hayes, and Allen & Johnston, for respondents.

RILEY, C. J.   Honorable Paul Walker was elected to the office of Corporation Commissioner and assumed the duties of that office on the second Monday in January, 1931. His term was six years. He resigned on July 11, 1934. On that date Honorable Reford Bond was appointed to fill the vacancy and assumed the duties of said office, which he now occupies. The regular primary election was held July 3, 1934, eight days before the vacancy in office occurred and the present incumbent was appointed. Consequently no candidates were nominated at the last primary to serve throughout the unexpired term of said office.

Section 15, art. 9. Const. of Oklahoma, provides in part:

"In case of a vacancy in said office, the Governor of the state shall fill such vacancy by appointment until the next general election, when a successor shall be elected to fill out any unexpired term."

Section 10, art. 23, Const. of Oklahoma, contains the provision:

"That all officers within this state shall continue to perform the duties of their offices until their successors shall be duly qualified."

On October 1, 1934, Honorable Lester E. Smith filed an original action in this court seeking a restraining order to prevent the State Election Board from printing the names of purported candidates of the Democratic and Republican parties upon the general election ballots for the general election to be held on November 6, 1934. It appears that the names of Reford Bond and Walter Colbert, as candidates for this office, have been certified to the State Election Board by the Central Committees of the Democrat and Republican parties, respectively, but it appears that neither these candidates nor any others were chosen at a primary election.

The election board in its response has denied that it has or will print the names of Reford Bond or Walter Colbert upon the ballot for the general election unless required to do so by order of this court.

So that, without considering the question of jurisdiction of this court, "to issue writs of injunction in cases where the relief prayed for is purely injunctional" (State ex rel. Brett, Co. Atty., v. Kenner, 21 Okla. 817, 97 P. 258), it appears that there is no occasion for the exercise of such jurisdiction. The same is denied.

By response of Lester E. Smith. mandamus is sought to require the State Election Board "to place upon the official ballot for the general election to be held Tuesday, November 6, 1934, the name of Lester E. Smith as the nominee of the Progressive Party for Corporation Commissioner, designated as the unexpired term of Paul Walker, resigned. * * *" But the relief therein sought is denied by the rule of this court stated in Craig v. Bond, 160 Okla. 34, 15 P. (2d) 1014 (the writer hereof dissenting therein).

On October 2, 1934, George S. Long filed a response and cross-petition whereby he sought to prevent the name of Honorable Lester E. Smith from being placed on the ballot as a candidate of the Progressive Party, and to have his own name placed thereon as a nonpartisan candidate for the office by reason of a petition said to be pursuant of art. 3, sec. 5, Const. of Okla., which, after requiring the Legislature to provide a mandatory primary system for the nomination of all candidates for all political parties, states:

"Provided, however, this provision shall not exclude the right of the people to place on the ballot by petition any nonpartisan candidate."

This proviso is not a self-executing constitutional provision. Dancy v. Peebly, 132 Okla. 84, 270 P. 311.

Chapter 62, S. L. 1933, provides regulatory provisions for candidacy for political office, amongst which is a notification and declaration to be filed not more than 100 days nor less than 65 days before the day fixed by law for the primary election. By the terms of the act the same, "except as to declaration of party affiliation, · shall apply to independent and nonpartisan candidates."

The petition of George S. Long as a nonpartisan candidate was not filed until long after the primary election at which he was an unsuccessful partisan candidate. There is no merit in his contention.

The respondent Reford Bond contends that petitioner and respondent Long "are entitled to no relief * * * and that the petition of the former and cross-petition of the latter should be dismissed. * * *" While the respondent Bond prays for mandamus to require his name to be placed on the ballot in oral presentation of this cause, such relief was expressly waived.

Walter Colbert made no appearance.

Cause dismissed.

McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., dissents. SWINDALL and ANDREWS, JJ., absent.