**STATE ex rel. WILLIAMSON et al. v. CARTER, Secretary of State, et al.**

No. 27320.     July 17, 1936.

Chas. E. McPherren, Tench Tilghman, and Neal E. Maurer, for plaintiffs.

Mac. Q. Williamson, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendants.

OSBORN, V. C. J. This is an original proceeding in this court instituted by petitioners, four citizens of the state, to compel by writ of mandamus the Secretary of State, the Board of Public Affairs, and the State Election Board to do and perform the necessary things to submit to the people an initiated constitutional amendment, being State Question No. 222, Initiative Petition No. 151, at the run-off primary to be held on July 28th. The Governor has not by proclamation ordered the submission of said measure, but all other and prior necessary steps in the initiating of said measure have been properly taken by the proper officers and by the signers of said initiative petition. The question being publici juris, this court assumed original jurisdiction.

This cause was argued orally without briefs on July 13, 1936, and memorandum briefs have been filed by the parties herein. Due to the shortness of time in which this court is required to act in order effectively to determine the rights of the parties before July 28th, the date of the run-off primary election at which the question is sought to be submitted, neither the attorneys nor the court has had sufficient time to make an exhaustive study of the question involved.

We are not herein concerned with the validity of a measure approved at the polls by the people either with or without a proclamation issued by the Governor submitting said question to the people. The question with which we are confronted is whether or not by writ of mandamus this court should require the State Election Board to place said initiated measure on the ballot and submit the same for consideration of the people of the state on July 28th at the run-off primary to be held at that time.

It is contended by petitioners that said run-off primary is the "next election held throughout the state" within the meaning of section 3, article 5, of the Constitution, which provides as follows:

"All elections on measures referred to the people of the state shall be had at the next election held throughout the state, except when the Legislature or the Governor shall order a special election for the express purpose of making such reference."

Petitioners rely upon the cases of Atwater v. Hassett, 27 Okla. 292, 111 P. 802, and Looney v. Leeper, 145 Okla. 202, 292 P. 365. The former case is not controlling. The question under consideration in that case was whether or not an initiated measure was valid when it had been approved by the requisite vote at a primary election pursuant to proclamation by the Governor submitting the same at said primary election, or whether or not the same was invalid by reason of the fact that same was not submitted at a general election instead of said primary election. Special attention was called to the fact that "the Governor issued his proclamation calling an election for said date." The opinion holds only that the primary election was "an election held throughout the state." But the particular question involved herein was not therein determined.

Nor is the case of Looney v. Leeper, supra, controlling. Petitioners rely upon a statement contained in the body of the opinion wherein it is stated that under article 5, section 3, of the Constitution, the next election would include a state-wide primary election. The language so used was dictum.

There is no case by this court which has definitely attempted to construe said section. In the case of Simpson v. Hill, 128 Okla. 269, 263 P. 635, this court, after quoting said section, said:

"It is clear that such initiative measures must go to the next regular general election held throughout the state, unless the Governor or the Legislature shall order that it be submitted at a special election. The election of October 2, 1923, was a special election."

The facts of said case, however, distinguish it from this case. Nor is the case of State ex rel. Babb, County Attorney, v. Matthews, 134 Okla. 288, 273 P. 352, determinative. In that case there was a proclamation by the Governor submitting the measure.

At the time of the adoption of the Constitution, great consideration was given to the question of popular election of public officials. The Constitution required the

Legislature to pass a mandatory primary law. Section 5, article 3, Const. However, it has been well recognized not only in this state, but by the highest courts of other states, that there is a wide distinction between "election" and a primary election, the latter being statutory methods provided for the selection of representatives of the various political parties in the "elections" provided by the Constitution for the selection of the various state, county, and other public officers.

In the early case of Ex parte Wilson, 7 Okla. Cr. 610, 125 P. 739, quoted from with approval by this court in Dancy v. Peebly, 132 Okla. 84, 270 P. 311, the Criminal Court of Appeals recognized the distinction between elections and primary elections, and in syllabus 5 said:

"Article 3, secs. 1, 4a, and 7 (par. 42, 46, and 49, Williams' Const.), prescribing the qualifications of electors and guaranteeing their right to vote, applies to the election of public officers, and not to the selection of party nominees at a primary election. A 'primary election' is one for the nomination of candidates of the respective political parties by the members thereof."

In Leu v. Montgomery, 31 N. D. 1, 148 N. W. 662, it is said:

"But a primary election is not an election within the meaning of such constitutional provision (section 47, of the state Constitution, which provides that each house of the Legislature shall be the judge of the election returns and qualifications of its own members), nor within the common acceptation of the term. It merely takes the place of the former nominating conventions, and it is improper to say that the successful candidate at such primary is elected to any office. He is merely placed in nomination as a candidate for election to the office."

See, also, Walton v. Olson (N. D.) 170 N. W. 107.

In the case of State ex rel. Hatfield v. Carrington, 194 Iowa, 785, 190 N. W. 390, it is said:

"A primary election is not an election within the meaning of the Constitution, nor under the common law, but is purely a legislative creation that involves neither life, liberty, property, nor franchise, and is enacted solely for the benefit of orderly procedure in the administration of political parties, whereby each may select candidates to be submitted to the electors at the general election."

See, also, Charles v. Flannary, 192 Ky. 511, 233 S. W. 904; Koy v. Schneider, 110 Tex. 369, 221 S. W. 880; Hamilton v. Davis (Tex. Civ. App.) 217 S. W. 431; Dooley v. Jackson, 104 Mo. App. 21, 78 S. W. 330; State v. Selvig, 170 Minn. 406, 212 N. W. 604.

While it is true that primary elections are held at fixed and regular times, it is equally true that under the provisions of our run-off primary law, a run-off primary election may not necessarily be held in each and every precinct in the state. The purpose of the constitutional provision was to submit initiated measures at a time when the people of all political parties were permitted to congregate at a particular time and place in the orderly conduct of their government. By candidates withdrawing from the party primaries, it is possible that there would be an entire absence of contesting candidates for public offices.

It is no answer to say that under the facts presented herein, a run-off primary will in fact be held in each and every precinct in the state. That such is the case in a given instance throws no light upon the meaning of the language used by the makers of the Constitution. But the fact that a possibility arises where there will be no necessity for an election in a particular precinct is indicative that the makers of the Constitution did not have in mind a primary election or a run-off primary election when they used the words "next election held throughout the state," but had in mind the next election whereat the voters choose their public officers.

We are therefore of the opinion that as used in section 3, article 5, the words "next election held throughout the state" have the same meaning as the "next regular general election" as used in section 1 of article 24 of the Constitution. This has been the administrative construction of said section since the adoption of the Constitution. This is apparently the construction by legislative act passed in 1916, being section 5893, O. S. 1931, specifically providing that "the Governor shall have power, in his discretion, to call a special election to vote upon questions, or to designate the mandatory primary elections as a special election for such purpose."

The run-off primary not being the next regular general election, and the Governor not having issued a proclamation submitting said initiated measure for a vote, it follows that the Election Board is not authorized to submit the same at said election, and the writ of mandamus should be, and is hereby, denied.

McNEILL, C. J., and WELCH, CORN, and GIBSON, JJ., concur.

RILEY, BAYLESS, BUSBY, and PHELPS, JJ., dissent.

McNEILL, C. J. (specially concurring). As I view the question presented to this court, plaintiffs fail to show that they have a clear legal right under the laws of this state to the issuance of a writ of mandamus requiring the defendants to place State Question No. 222 on the ballot for a vote of the people at the run-off primary election to be held on July 28, 1936. This is forcibly reflected by the opposing views which have been presented to the court in the form of dissenting opinions.

It is not contended that there has been any abuse of discretion. The writ of mandamus is not a writ of right. It is a discretionary writ, and when it appears that plaintiff does not show a clear legal right to the relief sought, the writ should be denied.

RILEY, J. (dissenting). The rule of law stated in the syllabus of the majority opinion is contrary to former decisions of this court wherein the phrase "next election held throughout the state," as used in section 3, art. 5, Constitution, is designated as the time an initiated measure shall be placed upon the ballot.

Six years ago this court, without dissenting voice, held in Looney v. Leeper, 145 Okla. 202, 292 P. 365:

"When * * * a proposed constitutional amendment is agreed to * * * it becomes the duty of the Secretary of State to refer the proposal to the people for their approval or rejection * * * as directed in said constitutional provision, and if he improperly failed, because of misunderstanding as to his duty, mandamus lies to require such submission. * * * This for the reason that an official cannot by failure to properly perform ministerial duties thwart the people in the enjoyment of a constitutional mandate giving to them the right of voice."

Therein we held that under the provisions of section 3, art. 5, Constitution, supra, "the next election held throughout the state" included a state-wide primary election. Such was the ruling in Atwater v. Hassett, 27 Okla. 292 (1910), 111 P. 802, wherein Judge Williams wrote the opinion.

In Simpson v. Hill, Justice Branson confused section 1, art. 24, Constitution, wherein the phrase "next regular general election" is used in reference to constitutional amendments having their origin with the Legislature, with the phrase "next election held throughout the state," as used in section 3, art. 5, supra, but this error has repeatedly been noticed and corrected. State ex rel. Babb., Co. Atty., v. Mathews, 134 Okla. 288, 273 P. 352; Looney v. Leeper, supra; Associated Industries v. Okla. Tax Comm., 176 Okla. 120, 55 P. (2d) 79.

There is no distinction between a primary election held throughout the state and a general election held throughout the state in so far as section 3, art. 5, Constitution is concerned, both are "elections held throughout the state," at which the mandatory obligation rests upon the Governor to submit a completed initiated constitutional amendment. Associated Industries v. Okla. Tax Comm., supra.

In Oklahoma the primary is a mandatory state-wide primary, required by the Constitution, it is regularly provided by law, it occurs at regular intervals. Thereat a vote is had upon "men and measures." Atwater v. Hassett, supra. The run-off to be held on July 28th next is a part of the mandatory primary system contemplated by section 5, art. 3, Constitution. Therefore, rules and decisions from other jurisdictions where primaries are merely a political party affair, as are conventions, are not persuasive or controlling.

In Craig v. Bond, 160 Okla. 34, 15 P. (2d) 1014, we held:

"Primary elections are component elements of right of suffrage, and necessary prerequisite to general election."

A run-off primary election, contrary to the majority opinion, will in fact and in law be required to be held in every precinct within the confines of the state of Oklahoma, so long as there are either "men or measures" to be voted upon. Atwater v. Hassett, supra.

Independently of fine reasoning and judicial construction, the average citizen of this state has heretofore believed, was justified in believing by our decisions, and yet believes that the "next election held throughout the state," as used in the admittedly applicable constitutional provision, embraces the mandatory primary election. Of course there may not be a satisfactory election in so far as some candidates are concerned, but the Constitution, being a frame of government, should be interpreted as the average sovereign citizen understands it, as we have heretofore interpreted it, and not as a shifting weather vane to meet whim, or fancy, or advantage of the moment.

The right of initiative reserved to the people under section 1, art. 5, Constitution, reverts to ancient writs. Petition of Rights (1628). In Oklahoma as a part of organic

law we adopted the principles stated in the Declaration of Independence (1776), which principles concern largely the right of revolution, the right to change, amend or throw off the yoke of government, for justifiable grounds, when it is not responsive to the needs, rights, and liberties of the people.

We held in Looney v. Leeper, supra, that an official cannot by failure to perform ministerial duties thwart the people in the enjoyment of a constitutional mandate giving them right of voice.

We held in State ex rel. Dunlop v. Cruce, 31 Okla. 486, 122 P. 237, that Governors and all other citizens must look to the law for guidance, that the determination of the law was a judicial question and function and that "compliance therewith" is purely a ministerial duty, for the performance of which, as a general rule, mandamus will lie. Therein this court issued the writ to subordinate executive officials.

In Re Initiative Petition, City of Cushing, 157 Okla. 54, 10 P. (2d) 271, we held:

"The procedure prescribed by law for vitalizing and carrying into force the initiative and referendum provisions of the Constitution is not mandatory, but if substantially followed will be sufficient. If the end aimed at can be attained, the procedure should be sustained."

It is my view that the avenue of peaceful revolution and gentle reform of government should be kept open. That a closure of this as by the majority opinion may be fraught with dire governmental consequences.

BAYLESS, J., concurs.

PHELPS, J. (dissenting). I cannot concur in the majority opinion herein.

It appears from the record that there is no dispute between the parties that each step taken has been regular and in accordance with the applicable provisions of the Constitution and statutes of Oklahoma, and that there remains nothing to be done except for the Governor to issue his proclamation, as provided by section 5878, O. S. 1931, which reads as follows:

"Whenever a petition is accepted and its title has been decided upon, the Secretary of State shall, in writing, notify the Governor, who forthwith shall issue a proclamation setting forth the substance of the measure and the date of the referendum vote."

Section 5893, O. S. 1931, provides that:

"Whenever any measure shall be initiated by the people in the manner provided by law * * * same shall be submitted to the people for their approval or rejection at the next regular election. * * *"

It appears that since the title in the instant case was approved and the Governor notified by the Secretary of State, one election, to wit, the general primary held on July 7th, has been held "throughout the state" and that another run-off primary is to be held on July 28th, and no provision was or has been made for submitting this question to the voters. In Looney v. Leeper, 145 Okla. 202, 292 P. 365, we said in the 4th paragraph of the syllabus:

"* * * Officials cannot by failing to properly perform ministerial duties thwart the right of suffrage on proposed constitutional amendments."

It is therefore my opinion, without going into a lengthy discussion of the questions involved, that the writ should issue and the people be given an opportunity to approve or reject the proposed amendment.