LILLARD v. CORDELL et al.

No. 33833. Oct. 5, 1948.

*198 P. 2d 417.*

J. Clark Hurd, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, First Asst. Atty. Gen., for respondents.

PER CURIAM. Pursuant to a call for the purpose of organizing a new political party, in convention assembled, the States Rights Democratic Party was organized August 14, 1948.

Theretofore the general primary had been held which afforded all existing and active political parties opportunity to nominate their candidates for county, district, and state offices.

After its organization and on August 14th, said new political party designated ten presidential electors and demanded that their names be placed on the ballots to be used in the forthcoming general election to be held November 2nd. This was refused by the State Election Board solely on the ground that said named presidential electors were not the nominees of said political party.

The foregoing facts are alleged by the petitioner and conceded by the Board.

Section 1, article 2 of the Constitution of the United States provides:

" . . . Each state shall appoint, in such manner as the Legislature thereof may direct, a number of electors equal to the whole number of Senators and Representatives to which the state may be entitled in Congress. . ."

In keeping with the duty thus imposed upon it, the Legislature of this state has by law provided the manner of nominating and electing presidential electors. It is not contended by plaintiff that those persons whose names he seeks to have placed on the general election ballot as candidates for the office of presidential elector were nominated to that office in the manner directed by the Legislature of this state; rather, it is urged that this court should by mandamus require the State Election Board to place the names of such persons on the general election ballot contrary to legislative direction.

Section 5, article 3 of our Constitution, in part, provides:

"The Legislature shall enact laws providing for a mandatory primary system, which shall provide for the nomination of all candidates in all elections for state, district, county and municipal officers, for all political parties, including United States Senators:"

Presidential electors are state officers. Davis v. Simpson, 114 Okla. 132, 244 P. 806; 65 C. J. 1270.

Pursuant to the positive mandate of the Constitution to "enact laws providing for a mandatory primary system," the Legislature made immediate provision for and established our primary system. 26 O.S. 1941 §112a says:

"Political parties in this state shall select or nominate their respective candidates for the various national, state, district, county and township offices by a primary election or elections as herein provided for, and no candidate's name shall be printed upon the official ballot for any general or special election at which they or any of the national, state, district, county and township officers are to be elected unless such candidate shall have been nominated as herein specified; . . ."

The above constitutional and statutory provisions were construed in 1932 by the Supreme Court of this state in the case of Craig v. Bond, 160 Okla. 34, 15 P. 2d 1014. The seventh, eighth and ninth paragraph of the syllabus of said case are as follows:

"7. The primary law is a part of the public policy of this state, and that its provisions are mandatory and controlling upon all political parties of the state; . . .

"8. There is no law authorizing the State Election Board to place upon the ballots for a general election the names of the persons claiming to be the candidates of a political party organized after the time for filing as candidates for party nominations has closed.

"9. No person shall be allowed to become a candidate in any general election unless he shall have complied fully and completely with the provisions of the primary law."

That opinion has been approved by us many times. Swindall v. State Election Board, 168 Okla. 97, 32 P. 2d 691; State ex rel. Smith v. State Election Board, 169 Okla. 163, 36 P. 2d 497; State ex rel. Williamson v. Carter, Secretary of State, 177 Okla. 382, 59 P. 2d 948; Maddox v. Hunt, 183 Okla. 465, 83 P. 2d 553; Brown v. State Election Board, 197 Okla. 169, 170 P. 2d 200; Cooper v. Cartwright, Secretary of State, et al., 200 Okla. 456, 195 P. 2d 290.

Petitioner concedes that the foregoing opinions are contrary to his position here on all pertinent issues but refers to sections 1 and 4, article 2 and sections 5 and 7, article 3 of our Constitution, and argues that all the cases, supra, should be overruled and a different interpretation given the constitutional and statutory provisions construed and applied by us in those cases. This we decline to do.

Writ denied.