**Paul W. UPDEGRAFF, Plaintiff in Error,**

**v.**

**Raymond GARY, Governor of Oklahoma, Defendant in Error.**

**No. 37357.**

Supreme Court of Oklahoma.

June 5, 1956.

Paul Updegraff, Norman, pro se.

Mac Q. Williamson, Atty. Gen., Fred Hansen, Asst. Atty. Gen., Ned Looney, Charles E. Dierker, Oklahoma City, for defendant in error.

JOHNSON, Chief Justice.

This is an appeal by plaintiff, Paul W. Updegraff, from an order of the District

Court of Oklahoma County refusing to issue a writ of mandamus requiring the Honorable Raymond Gary, Governor of the State of Oklahoma, to place on the ballot for the primary election July 3, 1956, all initiative petitions and referred measures accepted by the Secretary of State, of which the Governor had been notified.

The plaintiff alleged in his petition that it was the ministerial duty of the Governor under 34 O.S.1951, § 12, to call an election on the date of the mandatory primary election of July 3, 1956, and designate the same as "special election" and to place every initiative and referred measure duly certified to him on said ballot.

Plaintiff's prayer for relief reads:

"Wherefore, petitioner prays this Honorable Court to issue an alternative writ of mandamus to the Honorable Raymond Gary, Governor of Oklahoma, for him to show cause why he should not place on the ballot on July 3, 1956, all initiative and referendum questions accepted by the Secretary of State, and of which the Governor of Oklahoma, Raymond Gary, has been notified. And your petitioner further prays that the alternative writ be granted, and, upon hearing, that a peremptory writ be granted compelling the Honorable Raymond Gary to perform the ministerial duty of placing said initiative and referendum questions upon the ballot for vote on July 3, 1956."

Thus the sole issue involved is whether under the law the Governor may be required by writ of mandamus to designate July 3, 1956, as a special election and to place thereon all duly certified initiative and referred measures.

Article 5, Sec. 3 of the Constitution of Oklahoma provides as follows:

"Referendum petitions shall be filed with the Secretary of State not more than ninety days after the final adjournment of the session of the Legislature which passed the bill on which the referendum is demanded. The veto power of the Governor shall not extend to measures voted on by the peo-

ple. All elections on measures referred to the people of the State shall be had at the next election held throughout the State, except when the Legislature or the Governor shall order a special election for the express purpose of making such reference. Any measure referred to the people by the initiative shall take effect and be in force when it shall have been approved by a majority of the votes cast in such election. Any measure referred to the people by the referendum shall take effect and be in force when it shall have been approved by a majority of the votes cast thereon and not otherwise.

"The style of all bills shall be: 'Be it Enacted By the People of the State of Oklahoma.'

"Petitions and orders for the initiative and for the referendum shall be filed with the Secretary of State and addressed to the Governor of the State, who shall submit the same to the people. The Legislature shall make suitable provisions for carrying into effect the provisions of this article."

34 O.S.1951 § 12 is as follows:

"Whenever a petition is accepted and its title has been decided upon the Secretary of State shall, in writing, notify the Governor, who forthwith shall issue a proclamation setting forth the substance of the measure and the date of the referendum vote."

34 O.S.1951 § 25 provides:

"Whenever any measure shall be initiated by the people in the manner provided by law, or whenever the referendum shall be demanded against any measure passed by the Legislature, same shall be submitted to the people for their approval or rejection at the next regular election; provided, the Governor shall have power, in his discretion, to call a special election to vote upon such questions, or to designate the mandatory primary election as a special election for such purpose."

In State ex rel. Williamson v. Carter, 177 Okl. 382, 59 P.2d 948, it is stated:

"The state election board is without authority to submit an initiated measure to a vote of the people at a runoff primary election, in the absence of a proclamation by the Governor authorizing such submission; said runoff primary election not being the 'next election held throughout the State' within the meaning of section 3, article 5 of the Constitution."

In the opinion it is stated:

"There is no case by this court which has definitely attempted to construe said section. In the case of Simpson v. Hill, 128 Okl. 269, 263 P. 635, 637, 56 A.L.R. 706, this court after quoting said section, said: 'It is clear that such initiative measures must go to the next regular general election held throughout the state, unless the Governor or the Legislature shall order that it be submitted at a special election. The election of October 2, 1923, was a special election. * * *

"We are therefore of the opinion that as used in section 3, article 5 the words 'next election held throughout the State' has the same meaning as the 'next regular general election' as used in section 1 of Article 24 of the constitution. * * *"

Article 24, Section 1 of the Constitution provides:

"Any amendment or amendments to this Constitution may be proposed in either branch of the Legislature, and if the same shall be agreed to by a majority of all the members elected to each of the two houses, such proposed amendment or amendments shall, with the yeas and nays thereon, be entered in their journals and referred by the Secretary of State to the people for their approval or rejection, at the next regular general election, except when the Legislature, by a two-thirds vote of each house, shall order a special election for that purpose. If a majority of all the electors voting at such election shall vote in favor of any

amendment thereto, it shall thereby become a part of this Constitution. .

"If two or more amendments are proposed they shall be submitted in such manner that electors may vote for or against them separately."

Section 3 of Article 5 of the Constitution is not self-executory. Simpson v. Hill, supra.

In conformity with the directions in Section 3 of Article 5 of the Constitution the Legislature enacted the provisions above set out.

State ex rel. Williamson v. Carter, supra, discusses and analyzes fully each case in which this court has considered statewide or general elections under the above constitutional provisions.

■ It appears from the foregoing that the Governor may, in his discretion, call a special election for the submission of an initiated or referred measure, or he may, in his discretion, designate the mandatory primary election as a special election for such purpose. See 34 O.S.1951 § 25, supra, which is the latest legislative expression on the subject of executive discretion in referendum and initiative matters, and we think Sec. 25 applies herein rather than 34 O.S.1951 § 12, supra, as plaintiff contends. And, since the Governor has discretionary power in the calling of a special election and in designating the primary election as a special election, mandamus will not lie to control his discretionary power. Therefore, the request for writ of mandamus was properly denied.

■ We have repeatedly held that mandamus is properly denied where petitioner fails to show a clear legal right thereto. McDonald v. Oklahoma Real Estate Commission, Okl., 268 P.2d 263; State Highway Commission v. Green-Boots Construction Co., 199 Okl. 477, 187 P.2d 209.

Affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

HUNT, J., concurs in result.