Dear Honorable Nigh,
The Attorney General has received your request for an official opinion asking:
 "When the Legislature submits a measure to the people of Oklahoma, which does not amend the Oklahoma Constitution, when can such measure be submitted to the people of Oklahoma at an election for their approval or rejection?"
Article V, Section 2 of the Oklahoma Constitution permits the Legislature to refer proposed measures to the people for a vote. It states in pertinent part:
 "The Second power is the referendum, and it may be ordered (except as to laws necessary for the immediate preservation of the public peace, health, or safety), either by petition signed by five per centum of the legal voters or by the Legislature as other bills are enacted." (Emphasis added).
The election for measures referred to the people, either by the Legislature or by the people themselves, is governed by Article V, Section 3 of the Oklahoma Constitution, which states in part:
 "All elections on measures referred to the people of the state shall be had at the next election held throughout the state, except when the Legislature or the Governor shall order a special election for the express purpose of making such reference. Any measure referred to the people by the initiative or referendum shall take effect and be in force when it shall have been approved by a majority of the votes cast thereon and not otherwise.
* * *
 "The Legislature shall make suitable provisions for carrying into effect the provisions of this article." (Emphasis added).
In Allen v. Burkhart, 377 P.2d 821 (Okla. 1962), the Oklahoma Supreme Court examined the above quoted portion of Article V, Section 3 and stated:
 "[I]t is to be seen that the Governor may submit a measure such as the item (constitutional amendment) presently here involved to a vote of the people either at `the next election held throughout the State' or at a special election ordered `for the express purpose of making such reference.' " Id. at 824. (Emphasis added).
In syllabus No. 1 prepared by the Court in Allen, the Court discussed when the Governor fails to call a special election. It wrote:
 "If the Governor fails to call a special election to be held upon a proposed Constitutional amendment which is ready for submission prior to the next general election, as designated and defined in 26 O.S. 1 (1961), the measure's submission stands effected, by operation of law and without any executive direction, to a vote of the people at such next general election." Id. at 822.
Article V, Section 3 of the Oklahoma Constitution does not distinguish between measures referred to the people that either amend the Constitution or measures that do not amend the Constitution. Thus, this interpretation given for Okla. Const. Article V, Section 3 applies to both situations.
Title 26 O.S. 1 (1961) has been recodified as 26 O.S. 1-101 (1981), which establishes the date for the general election as "the first Tuesday succeeding the first Monday of November[.]"
The Court also held that the terms "shall be had at the next election held throughout the State" and "shall be submitted at the next regular election" are synonymous and both denote the next regular general election. See, Allen, supra at 824.
In Updegraff v. Gary, 298 P.2d 404 (Okla. 1956), the Oklahoma Supreme Court discussed the discretionary authority of the Governor regarding Okla. Const. Article V, Section 3. The Court held:
 "It appears from the foregoing that the Governor may, in his discretion, call a special election for the submission of an initiated or referred measure, or he may, in his discretion, designate the mandatory primary election as a special election for such purpose. . . . And, since the Governor has discretionary power in the calling of a special election and in designating the primary election as a special election, mandamus will not lie to control his discretionary power." 298 P.2d at 406.
The meaning of "next election held throughout the state" was explained in State, ex rel. Williamson v. Carter, 59 P.2d 948 (Okla. 1936). The Oklahoma Supreme Court wrote:
 "But the fact that a possibility arises where there will be no necessity for an election in a particular precinct is indicative that the makers of the Constitution did not have in mind a primary election or a run off primary election when they used the words `next election held throughout the State,' but had in mind the next election whereat the voters choose their public officers.
 "We are therefore of the opinion that as used in section 3, article 5, the words `next election held throughout the State' has [sic] the same meaning as the `next regular general election', as used in section 1 of article XXIV, Section 1 of the Constitution." Id. at 950.
 It is, therefore, the official opinion of the Attorney General thatpursuant to Article V, Section 3 of the Oklahoma Constitution, measuresproposed by the Oklahoma Legislature that do not amend the OklahomaConstitution, and which are referred to the people of Oklahoma for avote, may be submitted to the people of Oklahoma, at a date establishedfor a special election called for the submission of such measures or atthe next general election held throughout the state, which is the firstTuesday succeeding the first Monday of November of the year (see, 26O.S. 1-101 (1981)). Either the Legislature or the Governor has theauthority to call for a special election on the submission of the measurereferred.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
RICHARD MILDREN, ASSISTANT ATTORNEY GENERAL