OSCN Found Document:BERKSON v. STATE ex rel. ASKINS AS ADMINISTRATIVE DIRECTOR OF THE COURTS

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 BERKSON v. STATE ex rel. ASKINS AS ADMINISTRATIVE DIRECTOR OF THE COURTS
2023 OK 70
532 P.3d 36
Case Number: 120589
Decided: 06/13/2023
As Corrected: June 19, 2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 70, 532 P.3d 36

 
 

HOWARD BERKSON, ("Attorney"), in his capacity as a duly licensed and practicing attorney routinely filing, on behalf of himself and his clients, new civil actions in which he and/or his client(s) have been compelled to pay a $10.00 "Lengthy Trial Fund Fee" and all similarly situated people; and JOHN DOE, in his capacity as a non-attorney legal entity able to sue and be sued who, by and through one or more attorneys, has filed new civil litigation in any of the 77 District Courts of Oklahoma and, because said new litigation was filed for him by a lawyer, has been compelled to pay a $10.00 "Lengthy Trial Fund Fee", and all similarly situated legal entities, Plaintiffs/Appellants,
v.
THE STATE OF OKLAHOMA, ex rel. JARI ASKINS in her official capacity as Administrative Director of the Courts for the State of Oklahoma and ex rel. DON NEWBERRY, in his official capacity as Tulsa County District Court Clerk, and ex rel. all other 76 District Court Clerks of the State of Oklahoma. Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY

¶0 Lawyer filed an action in the District Court of Tulsa County and challenged a ten-dollar fee collected for the Lengthy Trial Fund when a new case is filed. Defendants filed motions to dismiss. The Honorable Clifford J. Smith, Associate District Judge, granted the two motions to dismiss and lawyer appealed. The State of Oklahoma filed a motion to retain the appeal for review by the Supreme Court and the motion was granted. State of Oklahoma filed a motion for oral argument, the motion was deferred to when the Court considered the appeal. The motion for an appellate oral argument is denied. We hold: Lawyer's assignments of procedural error are not preserved for appeal; Lawyer's assignments of error based upon legal standing to bring the action are correct in part; The two orders granting the motions to dismiss must be affirmed on the ground lawyer's petition failed to state a claim upon which relief could be granted.

ORDERS OF DISTRICT COURT AFFIRMED

Edward L. White, Edmond, Oklahoma, for Plaintiffs/Appellants.

James W. Dunham, Jr., Tulsa, Oklahoma, for Plaintiffs/Appellants.

Kevin McClure, Assistant Attorney General, and Jessica Wilkes, Assistant Attorney General, Oklahoma City, Oklahoma for Defendant/Appellee, State of Oklahoma, ex rel. Jari Askins.

Douglas A. Wilson, Assistant District Attorney, Tulsa, Oklahoma, for Defendant/Appellee, Don Newberry in his official capacity as Tulsa County District Court Clerk.

EDMONDSON, J.

¶1 A lawyer, Berkson, brought an action in the District Court of Tulsa County challenging a Lengthy Trial Fund (LTF) fee collected from an attorney filing an action with the court clerk. We ultimately conclude Berkson's petition failed to state a claim that 28 O.S. § 86 is an unconstitutional special law and the trial court properly granted the two motions to dismiss filed by the two defendants. We affirm the two orders of the District Court.

¶2 Before addressing the constitutional issue, we must address the six assignments of error raised by Berkson in his petition in error. Two raise the procedure in the District Court as independent grounds for reversal, and they involve both the scope of our appellate review and appellate jurisdiction. The two procedural assignments of error were brought for review in an accelerated appeal but they are improperly preserved by a term-time motion to vacate. Further, even if the term-time motion to vacate could be deemed a functional equivalent to a motion for new trial for the purpose of this accelerated appeal, the assignments would not be preserved due to Berkson's failure to raise them, as shown by an appellate record, prior to his post-dismissal motion. The remaining four assignments involve Berkson's legal standing to bring his action and he is partially correct. However, the assignments of error on standing are not sufficient for an appellate reversal and the orders must be affirmed for a different reason.

I. Trial Court Proceedings

¶3 Berkson's trial court petition challenged a ten-dollar fee collected from each attorney who files a civil case. The clerk of the court "shall collect from each attorney who files a civil case, unless otherwise exempted under the provisions of this section, a fee of Ten Dollars ($10.00) per case to be paid into the Lengthy Trial Fund." 28 O.S.2021 §86(D)(2). The petition requested class certification, a declaration 28 O.S. § 86 is an unconstitutional special law, an injunction to prevent collection of the fee, accounting for fees collected in the previous three years, disgorgement of collected fees and restitution, and costs and fees to Berkson. The action named the Tulsa County District Court Clerk (Newberry), and the State of Oklahoma, ex rel., Administrative Director of the Courts, Askins, (the State).

¶4 The State filed a motion to dismiss and raised four grounds. The State challenged Berkson's standing to bring the action based upon allegations on the face of the petition. The State invoked 12 O.S. § 2012(B)(6), the petition's "failure to state a claim upon which relief can be granted," and argued 28 O.S. § 86 was not a special law. The State argued Berkson's claim was subject to the Governmental Tort Claims Act (51 O.S.2021 § 151, et seq.), and Berkson had not complied with the Act. The State argued Berkson's petition failed to allege he had followed the protest procedure in 62 O.S. § 206 for an alleged unconstitutional fee. The State requested the claims against it be dismissed "with prejudice."

¶5 Newberry filed a motion to dismiss and raised 12 O.S. § 2012 (B)(1)(6)(10), respectively, "lack of jurisdiction over the subject matter," "failure to state a claim upon which relief can be granted," and "lack of capacity of a party to sue." Newberry's motion also challenged Berkson's legal standing to bring the action and requested the trial court take judicial notice of a fact not appearing on the face of Berkson's petition. Newberry requested the motion to dismiss be granted "with prejudice."

¶6 Berkson filed a combined response to both motions and also requested the court to take judicial notice of facts not appearing on the face of their petition. He referenced two additional proceedings before the Tulsa County District Court relating to paying filing fees. He attached a copy of his "Notice of Protest" filed with the District Court Clerk on the same day he filed his petition. The trial court granted both motions to dismiss by separate orders, which do not state a specific ground or reason other than the court reviewed the motions, a response, and heard the argument by counsel at the hearing on the motions. The two orders were filed on two successive days.[1]

¶7 Berkson filed a "motion to reconsider" and raised procedural issues: (1) He was not allowed to give his "approval as to form" for the dismissal orders signed by the trial judge; (2) He was not provided an opportunity to request findings of fact and conclusions of law; and (3) The dismissal orders failed to state whether or not the dismissals were without prejudice. The motion made a few other arguments including one related to his standing to bring his action. The motion to reconsider was filed more than ten days after both dismissal orders were filed.

¶8 Berkson filed a petition in error in this Court three days after filing his motion to reconsider in the District Court. His petition in error asserts six assignments of error challenging the two dismissal orders, four involve his standing to prosecute his action and two raise procedural issues. The procedural issues are urged as grounds to reverse the dismissal orders independent of the issues related to standing. The trial court subsequently denied Berkson's motion to reconsider. Berkson did not file a new petition in error challenging the order denying the motion to reconsider.

II. Preserved Error in an Accelerated Appeal and Berkson's Term-Time Motion

¶9 An initial question in this appeal is whether Berkson's' two assignments of procedural error in his petition in error are preserved for appellate review. Four related preservation issues are present: (1) Whether appellants, generally, may include in the record of an accelerated appeal pursuant to Okla. Sup. Ct. R. 1.36 a term-time motion to vacate pursuant to 12 O.S. §1031.1 as well as the order adjudicating the motion; (2) Whether the order adjudicating the term-time motion must be separately appealed to challenge the order as well as preserve error relating to the term-time proceedings; (3) If Berkson could include the term-time motion in this appellate record as a deemed functional equivalent to a motion for new trial due to the trap-for-the-unwary doctrine; and whether the motion so deemed could be used to preserve error not occurring on the face of the appellate record prior to Berkson's term-time motion; and (4) Whether the substance of the objections in the term-time motion is sufficient to preserve the error assigned in the petition in error. We conclude the two procedural assignments of error in the petition in error were not preserved for appellate review.

¶10 The two assigned errors in procedure are: (1) "Whether the District Court erred by failing to require submission of Defendants' proposed orders for review by Plaintiff in violation of Tulsa Local Civil Rule 29;" and (2) "Whether the District Court erred by failing to give plaintiffs leave to amend its petition."[2] The trial court did not require submission of defendants' proposed orders for review by Berkson prior to signing the orders.[3] Berkson argues he was denied an opportunity to request findings of fact and conclusions of law. This issue is not raised in Berkson's trial court petition, or the combined response to the two motions to dismiss filed by defendants, or any motion filed by Berkson prior to the dismissal orders.

¶11 The record on appeal does not include a transcript of the hearing on the motions to dismiss, or a narrative statement in lieu of transcript. The record on appeal does not show Berkson raising the alleged procedural error until the motion to reconsider.

¶12 A "motion to reconsider" does not technically exist within the statutory nomenclature of Oklahoma practice and procedure.[4] A motion to reconsider may be treated as a motion for new trial (12 O.S. §651), or a motion to vacate or modify (12 O.S §§ 1031, 1031.1) or some other motion based upon the substance of the motion, the time the motion was filed, and the motion's application to the case.[5] Berkson's motion to reconsider filed more than ten, but within thirty, days after the two dismissals is a term-time motion to vacate pursuant to 12 O.S. § 1031.1.[6] Berkson cites this statute as authority in the motion for requested relief. A motion filed pursuant to 12 O.S. § 1031.1 is not merely a late-filed motion for new trial. Although a motion for new trial and a term-time motion have some similarities for some purposes,[7] differences between the two motions may have consequences for appellate review.

¶13 Our review in an accelerated appeal is primarily limited to the order appealed. For example, on review of a summary judgment in an accelerated appeal pursuant to Okla. Sup. Ct. R. 1.36: "Ordinarily, an appellate court will not take notice on review of any material that was not properly before the trial court in the decisional process that led to summary judgment."[8] Rule 1.36(g) expressly provides: "The appellate court shall confine its review to the record actually presented to the trial court." We have explained a timely-filed 12 O.S. § 651 motion for new trial extends time to appeal, and on its denial, if error was properly preserved, the movant may secure full review of the entire judgment and all proceedings that led to it.[9]

¶14 An accelerated appeal may also include review of a motion for new trial. An appeal of an order adjudicating a timely filed motion for new trial must be prosecuted in an appeal which may challenge the antecedent judgment or final order. 12 O.S.2021 §990.2. This statute states in part the following.

When a post-trial motion for a new trial, for judgment notwithstanding the verdict, or to correct, open, modify, vacate or reconsider a judgment, decree or final order, other than a motion only involving costs or attorney fees, is filed within ten (10) days after the judgment, decree or final order is filed with the court clerk, an appeal shall not be commenced until an order disposing of the motion is filed with the court clerk. The unsuccessful party may then appeal from the order disposing of the motion within thirty (30) days after the date such order was filed. If the decision on the motion was against the moving party, the moving party may appeal from the judgment, decree or final order, from the ruling on the motion, or from both, in one appeal, within thirty (30) days after the filing of the order disposing of the motion. Successive appeals from the original judgment, decree or final order and the order disposing of the motion shall not be allowed.

12 O.S.2021 §990.2(A) (emphasis added). Similarly, we have explained an appellate review of a motion for new trial after summary judgment occurs in an accelerated appeal pursuant to Rule 1.36.[10] Additionally, and consistent with 12 O.S. §990.2, Rule 1.36 states: "Appeals in these [Rule 1.36] cases will be commenced by filing a petition in error with the certified copy of dismissal order or of summary judgment and, where applicable, a certified copy of the order denying new trial, with payment of costs or an affidavit in forma pauperis." Okla. Sup. Ct. R. 1.36(b) (emphasis and explanation added).

¶15 In contrast to invoking a trial court's discretion to grant a new trial based upon 12 O.S. § 651 and filing the motion within ten days after a final dismissal order, Berkson requested the District Court exercise its 12 O.S. §1031.1 term-time authority to vacate the dismissal orders.[11] Orders denying either a modification or vacating a judgment, or refusing to modify or vacate a final order,[12] are themselves final orders,[13] and are appealed separate and independent from an appeal challenging an antecedent judgment or final order.[14]

¶16 Appellate review of a decision adjudicating a 12 O.S. § 1031.1 motion is conditioned upon filing a new petition in error challenging the trial court's decision in a new appeal. Southeastern, Inc. v. Doty, 1971 OK 17, 481 P.2d 144, 147. Consistent with Southeastern, Okla. Sup. Ct. R. 1.36(k) states in part: "An appeal governed by Rule 1.36 is prosecuted separately from another appeal from the same trial court case when the appeals challenge different appealable decisions." Consistent with both Southeastern, Inc. v. Doty, and Rule 1.36(k), we have explained in an appeal from an order denying 12 O.S. §1031 or §1031.1 relief "this court may not look to the original judgment but stands confined in its review to the correctness of the trial court's action" deciding the motion filed pursuant to 12 O.S. §§1031, 1031.1.[15] A second appeal invoked by a second and new petition in error from an order adjudicating a post-judgment request to vacate is often, but not required to be, consolidated with the first appeal.[16] Berkson did not appeal the order denying his 12 O.S. § 1031.1 motion to vacate as required by both Southeastern, Inc. v. Doty, supra, and Rule 1.36(k), so he fails to secure appellate cognizance over his motion to vacate or the subsequent order on the motion.

¶17 A petition in error is examined using a substantial compliance analysis to determine its sufficiency to give a required notice to opposing parties.[17] We examine the content and substance of a filing in this Court to determine the type of relief sought by the party.[18] We examine the language used in the assignments of error to determine the issues that are "fairly comprised within appellants' assignment of error."[19] Berkson's petition in error challenges the two dismissal orders and not judicial discretion exercised when the 12 O.S. § 1031.1 motion was decided by the trial court. However, Berkson filed this term-time motion to reconsider, responses by defendants, and the order denying the motion as part of the Rule 1.36 appellate record.

¶18 Rule 1.36(c) states: "The record on appeal will stand limited to:" and then the Rule lists the items used in support of an appellate challenge to summary judgment and final orders on motions to dismiss. Rule 1.36(c)(B) lists items in an appellate record from an appealed final order on a motion to dismiss, and this list includes: "(9) any motions, along with supporting and responsive briefs, for a new trial (re-examination) of the dismissal order."[20] The term "reexamination" occurs in the statute authorizing a new trial.[21] The statute invoked by appellants in their motion to reconsider, 12 O.S. §1031.1, does not include the term "reexamination," and states in part "[a] court may correct, open, modify or vacate a judgment, decree, or appealable order." The language in 1.36(c)(B)(9) references a motion for new trial filed within ten days of the judgment or final order, and not a term-time motion pursuant to 12 O.S. §1031.1 filed more than ten days after the appealable order.

¶19 Requiring a new petition in error to invoke appellate review of an order denying a 12 O.S. § 1031.1 motion to vacate was a legal norm prior to 1971,[22] reaffirmed in our 1971 opinion in Southeastern, Inc. v. Doty, and also reaffirmed after Southeastern.[23] Requiring a new petition in error to commence a new appeal and invoke appellate review of an order denying a 12 O.S. § 1031.1 motion to vacate was and is a clearly settled legal norm prior to today's case.

¶20 We conclude: A term-time section 1031.1 motion may not be used as part of a Rule 1.36(c) record for the purpose of raising and preserving for the first time an alleged error in the antecedent order reviewed in the accelerated appeal. This conclusion is consistent with other parts of Rule 1.36, such as Rule 1.36(k) and its requirement that different appeals be prosecuted for different appealable decisions, and Southeastern, Inc. v. Doty, supra. We consider the language in 1.36 (c)(B)(9) as a trap-for-the-unwary in this case to the extent Berkson failed to distinguish a motion for new trial from a term-time motion to vacate when creating his appellate record.[24] However, even when we consider the trap-for-the-unwary doctrine as allowing Berkson's motion to reconsider to be deemed the functional equivalent to a motion for new trial in a Rule 1.36 proceeding, the procedural issues raised by Berkson's motion are not properly preserved for assignments of error in the appeal.

¶21 Berkson argues as a procedural assignment of error he was denied an opportunity to request findings of fact and conclusions of law after the trial court announced its decision.[25] When a motion for new trial is filed, an allegation of nonfundamental error in a motion for new trial must be based on the error being previously preserved in the course of trial proceedings,[26] unless the nature of the error requires a different analysis, such as requiring an examination of a party's diligence in discovering error,[27] or when a different standard is applied for the purpose of a new trial motion.[28]

¶22 Historically, when a trial court did not provide timely requested findings of fact and conclusions of law relating to an adjudication on the merits,[29] the aggrieved party was required to preserve the error in the trial court.[30] A request for findings of fact and conclusions of law came too late when made after the trial court indicated its decision.[31] Additionally, we have held a request for findings of fact and conclusions of law came too late when made for the first time in a motion for new trial after a judgment on the merits.[32] The same may be said for Berkson raising the issue of findings of fact and conclusions of law for the first time in his term-time motion after the motions to dismiss were granted.

¶23 Berkson also urges as error the form of the two orders was not proper because they failed to state whether Berkson could amend his petition. Both defendants expressly requested in their motions a dismissal with prejudice, and Berkson did not respond whether defendants were contesting the existence of Berkson's claim or if an amendment was proper pursuant to 12 O.S. § 2012(G).[33] Berkson's response is silent on the issue of dismissals with prejudice pursuant to 12 O.S.§2012. Berkson's motion to reconsider did not urge as error they were improperly denied an opportunity to amend,[34] or that the defendants' motions challenged a defectively stated claim instead of challenging whether Berkson's claim did not exist.[35]

¶24 In Oklahoma, a 12 O.S. § 2012(B)(6) motion tests the law governing the claim, not the underlying facts, and makes a decision on the legal sufficiency of a petition;[36] and the court may determine the petition suffers from a non-existence of a cause of action making an opportunity to amend futile for a plaintiff's case. For example, a District Court's 12 O.S. § 2012 dismissal of an action is reviewed de novo and a decision denying an amendment is based upon an abuse of discretion when allegations show futility in the amendment,[37] and abuse of discretion may be based upon an issue of law.[38]

¶25 Berkson did not preserve his allegation of error concerning an opportunity to amend the petition when defendants specifically requested a dismissal with prejudice, and his response was silent on whether defendants had a burden to show futility of an amendment and if the face of Berkson's pleading showed such futility.[39] We conclude both assignments of procedural error by the trial court are not preserved for appellate review.

III. Four Assignments of Error and Standing

¶26 Berkson's petition in error has four remaining assignments of error and all relate to his legal standing to bring the action in District Court. The State's motion argued Berkson lacked standing on the face of his petition. Newberry's motion asserted Berkson lacked standing. Newberry raised facts on the face of the petition as well as a fact beyond the face of the petition and invoked judicial notice with an attached exhibit. Newberry's motion challenged the veracity of Berkson's allegation he paid the lengthy trial fund fee. Berkson's response asserted Newberry's motion was factually incorrect, and Berkson also invoked judicial notice concerning two cases on the Tulsa District Court docket

¶27 The State's argument on standing is insufficient to support a dismissal for Berkson's lack of standing. The State relied on the Oklahoma Rules of Professional Conduct Rule 1.8, and pointed to language in the first sentence of Comment [10]: "Lawyers may not subsidize lawsuits or administrative proceedings brought on behalf of their clients, including making or guaranteeing loans to their clients for living expenses, because to do so would encourage clients to pursue lawsuits that might not otherwise be brought and because such assistance gives lawyers too great a financial stake in the litigation."[40] The remaining language in Comment [10] to Rule 1.8 states as follows.

These dangers do not warrant a prohibition on a lawyer lending a client court costs and litigation expenses, including the expenses of medical examination and the costs of obtaining and presenting evidence, because these advances are virtually indistinguishable from contingent fees and help ensure access to the courts. Similarly, an exception allowing lawyers representing indigent clients to pay court costs and litigation expenses regardless of whether these funds will be repaid is warranted.

This language in the Comment allows a lawyer to pay court costs for a client when the client's lawsuit is filed, and Rule 1.8 expressly allows a lawyer to advance a court cost with repayment contingent on the outcome of the client's lawsuit.

(e) A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that:

(1) a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter;
and
(2) a lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.

5 O.S.2021 Ch. 1, App. 3-A, Rule 1.8(e)(1) & (2). The State recognized the petition stated Berkson is a lawyer and pled that he "in fact does pay filing fees charged by District Court Clerks," and "Attorney [Berkson]" and Doe . . . who have paid and/or been compelled to pay, one or more times . . ."a 'Lengthy Trial Fund' fee." The State argued this language was insufficient because: "[A]n attorney cannot finance lawsuits on behalf of his clients, subject to few exceptions that Berkson has not pled . . . Berkson's clients are the true bearers of any LTF fees."[41]

¶28 We have explained: "Notice pleading does not require pleading every fact upon which a claim is based, but merely a short and plain statement of the claim that will give fair notice of what the plaintiff's claim is and the grounds upon which it rests."[42] Berkson's statements in his petition give notice he has paid the LTF fee on behalf of a client. The State's motion raised its defenses as part of 12 O.S. § 2012(B)(6) and the State challenged the facial sufficiency of Berkson's petition, i.e., the facial sufficiency of the allegations for the purpose of providing notice of the claim.

¶29 The State's argument that Berkson's clients are the true bearers of any LTF fees goes to whether Berkson has been damaged when he has paid the fee on behalf of a client. Berkson argued in the trial court "where Berkson's client fails to recover any money, he [Berkson] is permanently deprived of his funds." The State's challenge to the face of the petition does not challenge the fact Berkson paid funds, but whether the allegations are sufficient as a matter of law.[43] Generally, the allegations of a petition on a § 2012(B)(6) assessment, like a Rule12(b)(6) review of a federal court complaint,[44] are presumed or deemed true for the purpose of testing the sufficiency of the pleading, and this principle applies to a motion to dismiss challenging legal standing of a plaintiff.[45] In Bowlin v. Alley, we explained a party had standing to challenge the constitutionality of a statutory attorney's fee when the party had a personal stake due to being forced to pay the fee.[46] The State's motion fails to show an insufficiency of Berkson's legal standing on the face of his petition.

¶30 Newberry's motion also cited Rule 1.8 and its exception that a lawyer may pay a filing fee for a client. Newberry argued Berkson does not have standing and cited Cities Service Co. v. Gulf Oil Corp., 1999 OK 16, 976 P.2d 545. The standing question in Cities Service was whether a lawyer, sanctioned by limiting the lawyer's participation in a client's trial which had concluded, possessed standing independent of the client to seek appellate review of the sanction order. Id. 1999 OK 16, ¶6, 976 P.2d 547-48. We concluded the attorney lacked standing and observed "there is no reasonable likelihood that the alleged harm would be redressed by a favorable opinion." Id. 1999 OK 16, ¶8, 976 P.2d at 548 (emphasis in original).

¶31 Newberry's motion does not address whether Berkson's alleged injury could be redressed by a remedy in the District Court.[47] The availability of a remedy appears tangentially mentioned by Newberry when discussing the transfer of a collected fee to the Administrative Office of the Courts. Berkson's petition expressly requests an order requiring Newberry, as a District Court clerk, to immediately cease collecting the fee. Newberry's motion does not show Berkson's petition is facially insufficient based on Cities Service Co. v. Gulf Oil Corp., supra.

¶32 Newberry's motion to dismiss also challenges the veracity of Berkson's allegation he had previously paid the court fee. Newberry relies on judicial notice for his argument. Berkson also relies on judicial notice for the issue of his standing in response.

¶33 In Farley v. City of Claremore, 2020 OK 30, 465 P.3d 1213, we discussed using judicial notice in support of a motion to dismiss and a similar federal civil procedure. We noted the Farley litigants did not dispute the judicial notice and agreed with the truth of the statements contained in the document noticed. Farley, 2020 OK 30, ¶¶12-18, 465 P.3d at 1221-25.

¶34 In a federal court, a party may, in some circumstances, raise a fact not appearing on the face of a plaintiff's complaint for the purpose of a motion to dismiss adjudicating a jurisdictional claim.[48] Generally, in federal court a party may use judicial notice as a method for challenging jurisdiction.[49] However, when judicial notice of public documents is used by a court ruling on a motion to dismiss in a federal court, "the documents may only be considered to show their contents, not to prove the truth of matters asserted therein."[50] This concept is similar to the well-known principle in a federal court stating a court may take judicial notice of the existence of a court opinion, but not the facts stated in the opinion.[51]

¶35 A federal court takes judicial notice when the court "recognizes the truth of a matter that is either 'generally known' or 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"[52] Similarly, in an Oklahoma court, judicial notice may be allowed when an adjudicative fact "shall not be subject to reasonable dispute." 12 O.S.2021 §2202.[53]

¶36 Newberry and Berkson dispute what is known concerning Berkson's standing. Newberry and Berkson attach a different meaning and significance to the facts raised by the petition and requests for judicial notice, i.e., their arguments do not show agreement between (1) a fact stated on the face of the petition or by judicial notice that must be stated to a finder of fact, and used to allege or prove and (2) the related factual proposition required for legal standing.[54] Judge Hand explained when a fact is in a public document noticed, the document "would not be conclusive, or more than evidence."[55] Newberry and Berkson disagree on which request for judicial notice is correct, or has priority, or is proper for determining Berkson's standing.

¶37 In both federal and Oklahoma courts an evidentiary hearing is used to adjudicate disputed jurisdictional issues of fact.[56] We have explained a purpose for summary judgment does not include substituting a trial by affidavit for a trial by jury.[57] Similarly, a purpose for a motion to dismiss does not include substituting judicial notice for an evidentiary hearing when a court is presented with a disputed issue of fact by judicial notice.

¶38 An appellant must provide an appellate record necessary to review the error assigned by the appellant, and legal error by a trial court is not presumed on appellate review.[58] Argument and comments by counsel are not evidence for creating a record of fact on the nature of the trial court's ruling.[59] Nothing in the record suggests an evidentiary hearing occurred, or that the trial court made a finding of fact on Berkson's legal standing when it granted Newberry's motion to dismiss. Nothing in the record indicates which judicial notice, if any, was actually used by the trial court when the motion to dismiss was granted. Berkson's assignment of error based upon the trial court adjudicating standing with issues of fact raised by judicial notice is not supported by an appellate record.

¶39 The record is sufficient to determine whether Berkson's petition is facially sufficient for the purpose of Newberry's challenge to Berkson's legal standing alleged on the face of his petition. The petition was sufficient on its face to show standing, Bowlin v. Alley, supra.[60] However, the dismissal orders must be affirmed on a different ground.

¶40 Historically, in an appeal from a dismissal based upon a trial court sustaining a demurrer to a petition on a wrong ground, "this court will consider all grounds assigned [in the demurrer] and the order will be sustained if any such ground is well taken."[61] We recently explained in Farley v. City of Claremore, supra, in the context of a non-jury adjudication in the form of a trial court's dismissal order: (1) "A long-recognized rule is that when a judgment is general in its terms and does not disclose which of several grounds it is based upon, it will not be reversed on appeal if any one of the grounds raised in the trial court is a valid basis for the judgment;" and (2) "This rule that only one legally valid basis is needed for a judgment or judicial decision applies to appellate review of a trial court's order sustaining a motion to dismiss." Id. 2020 OK 30, ¶19, 465 P.3d at 1225.

¶41 The two dismissal orders do not specify a ground for granting the motions to dismiss. Although Berkson's assignments of error relating to standing are correct, in part, the other defenses raised by defendants' motions are before us in the appeal, and the orders must be affirmed if one of them is sufficient for granting the motions to dismiss. One of these defenses was the constitutionality of the fee statute. Ordinarily, when legal relief is sought upon an alternative non-constitutional ground, a prudential rule of judicial restraint defers adjudication of the constitutional issue.[62] However, Berkson's lawsuit is based upon the alleged unconstitutionality of a statutory court fee collected statewide for the purpose of jury fees, the claim is publici juris,[63] and if the statute is constitutional then additional trial court proceedings would be futile for Berkson and judicial economy for the trial court would be accomplished by a constitutional analysis at this time. We address the the constitutional issue.

IV. Special Law Claim and Dismissal Based Upon 12 O.S.2021 § 2012(B)(6)

¶42 We exercise a de novo appellate process when reviewing constitutionality of a state statute in the context of an order on a motion to dismiss.[64] We rely on Berkson's petition, his trial court response to defendants' motions, and any additional trial court filings properly part of the Oka. Sup. Ct. R. 1.36 appellate record for our de novo review.[65] Our review is also proper at this time because Berkson's petition and argument in the trial court treat the fee statute as facially creating allegedly impermissible classes of similarly situated plaintiffs.

¶43 Berkson's petition alleges he must (1) pay a statutory filing fee and (2) this fee is an unconstitutional special law. The petition does not identify a provision of the constitution allegedly violated by the statute. Defendants argued Berkson was required to give them notice whether their lawsuit was based upon Okla. Const. Art. 5 § 46 or Okla. Const. Art. 5 § 59.

¶44 Berkson responded that the allegations of his petition "adequately describe the constitutional principle at issue," and the petition need not identify the constitutional provision prohibiting a special law.[66] His response does cite four opinions of this Court involving a special law analysis. However, these four include three applying Okla Const. Art. 5 § 46[67] and one applying Okla. Const. Art. 5 § 59.[68] The authority cited does not settle this issue on the nature of Berkson's claim.[69]

¶45 A constitutional attack to a statute as a special law pursuant to Okla. Const. Art. 5 § 46 is not identical to one based upon Okla. Const. Art. 5 § 59.[70] In Zeier v. Zimmer, 2006 OK 98, 152 P.3d 861, we explained these two sections may require a different analysis when assessing the constitutionality of a statute.[71] A special law is one that relates to a part of an entire class of similarly affected persons and separates that part for different treatment.[72] The Oklahoma Constitution, Art 5, §46, prohibits the Legislature from passing special laws relating to specific subject areas, and Art. 5, §59 requires the Legislature to enact a general law, and not a special law, whenever possible.[73] We analyze Berkson's claim of an impermissible special law based upon the allegations he pleads for his case to determine the nature of his complaint and his challenge to 28 O.S. § 86.

¶46 Berkson alleges a statute operates on a class of similarly affected persons, "segregates out a subset of litigants," and this creates an impermissible special law.[74] The portion of 28 O.S. § 86 challenged by Berkson states as follows.

2. The clerk of the court shall collect from each attorney who files a civil case, unless otherwise exempted under the provisions of this section, a fee of Ten Dollars ($10.00) per case to be paid into the Lengthy Trial Fund. A lawyer will be deemed to have filed a case at the time the first pleading or other filing on which an individual lawyer's name appears is submitted to the court for filing and opens a new case. All such fees shall be forwarded to the Administrator of the Lengthy Trial Fund for deposit. . . .

6. The following attorneys and causes of action are exempt from payment of the Lengthy Trial Fund fee:

a. government attorneys entering appearances in the course of their official duties,
b. pro se litigants,
c. cases in small claims court or the state equivalent thereof, or
d. claims seeking Social Security disability determinations, individual veterans' compensation or disability determinations, recoupment actions for government backed educational loans or mortgages, child custody and support cases, actions brought in forma pauperis, and any other filings designated by rule that involve minimal use of court resources and that customarily are not afforded the opportunity for a trial by jury.

28 O.S.2021 § 86 (D) (2) & (6). He argues the fee "properly fall upon all legal entities filing new civil cases in which either or both of the parties are customarily, statutorily, or by constitutional right entitled to a jury trial."[75] Berkson's petition includes the following.

[J]uries are not generally empaneled in small claims, child custody/support cases, probates, cases seeking equitable relief only and others. Therefore, it is rational (not arbitrary and capricious) to exempt such matters/litigants from paying a filing fee that funds impaneling juries, as they, in the words of subsection (d), 'involve minimal use of court resources and that customarily are not afforded the opportunity for a trial by jury.'

ROA, Petition, pgs. 5-6. Berkson's response to defendants' motions explains that "not all special laws are unconstitutional," and he has no complaint concerning three of the categories in 28 O.S. § 86(D)(6).

¶47 Berkson objects to exempting pro se litigants because an attorney may file a pro se action and the action may then require a lengthy trial.[76] Berkson argues statutory arbitrariness is shown by the possibility an attorney could appear pro se and pro se parties may engage in protracted litigation.[77] Berkson argues in both his petition and response the constitutional infirmity in the statute could be remedied by changing the statutory language which collects the fee "from each attorney" to collecting the fee from "each person or other legal entity."[78] Again, the allegations of the Petition and arguments in Berkson's response to defendants' motions show that he does not have an objection to all four categories in 28 O.S.2021 §86 (D)(6), but solely to pro se plaintiffs not paying the fee.

¶48 The purpose of court fees is to reimburse the state for money that otherwise would have to be appropriated for the maintenance of the courts. Fent v. State ex. rel. Dep't of Human Services, 2010 OK 2, ¶10, 236 P.3d 61, 66. The legislature may impose court costs when such costs are in the nature of reimbursement to the state for services rendered by the courts. Id. The fee "must be related to services rendered by the courts or maintenance of the courts." Id. 2010 OK 2, ¶11, 236 P.3d at 66.

¶49 Two statutory classifications for a court filing fee have been discussed in our opinions, fees for maintenance and fees for performing an individual service by a clerk. For example, in Fent we mentioned court maintenance fees and discussed the example of Farabee v. Board of Trustees, Lee County Law Library, 254 So.2d 1 (Fla.1971). Fent, at ¶13, 236 P.3d at 67. Farabee explained a public court library was essential to the administration of justice, and a filing fee was an appropriate cost to be assessed against those who made use of the court system. Farabee, 254 So.2d at 5. In Naylor v. Petuskey, 1992 OK 88, 834 P.2d 439, we discussed a fee a court clerk charges a litigant "for the performance of specified services, which are not ordinary, routine services afforded every litigant and are not included in the initial filing fee." Id. at ¶6, 834 P.2d at 441.

¶50 A fee collected from each attorney filing a case, 28 O.S. § 86(D)(2) has the nature of a maintenance fee because the fee is collected without consideration whether the particular cause of action will result in a lengthy trial. The question raised by Berkson is whether the four categories in 28 O.S. §86(D)(6) are constitutionally consistent, or reasonably related, with the fee collected from attorneys in 28 O.S. §86(D)(2).

¶51 Berkson's petition does not contend the Legislature lacks the power to create three of the four categories in §86 (D)(6). Berkson challenges the pro se exemption because it lacks "any logical connection between the nature of the action filed [by a pro se] and its likelihood of resulting in a lengthy trial."[79] He argues the logical connection does not exist because a theoretical possibility exists for a pro se attorney to seek a lengthy trial.[80] In other words, a theoretical possibility for a pro se attorney's lengthy trial shows that the Legislature could not have reasonably determined that pro se plaintiffs' actions, as a class, would likely be disposed without a lengthy trial. Again, Berkson attacks the reasonableness of the legislative classification.

¶52 Generally, in some circumstances courts accord substantial deference to the predictive judgments of legislative authorities because legislative policymaking often requires a forecast of future events with an anticipation of the likely impact of these events based upon legislative deductions and inferences.[81] Some courts explain this legislative judgment must have some footing in the realities of the subject addressed by the legislation based on a reasonably conceivable state of facts.[82] This type of deference is often observed in cases attacking a legislative classification as unreasonable, arbitrary, and capricious in equal protection cases applying a rational-basis test.[83] We have explained a constitutional equal protection guarantee does not mirror the prohibitions against an impermissible special law, and a statute may be an unconstitutional special law for its silent omission to include others within the scope of the statute who are similarly situated.[84] While a standard for arbitrariness and reasonableness may be slightly different between certain equal protection classifications and special law classifications of reasonableness, we must still consider the type of legislative judgments made for a statutory class and the object of a statute with its relation to similarly situated members of a class.

¶53 We presume a statute is constitutional when challenged.[85] We must determine whether a statute has adopted "a classification that is arbitrary and capricious and bears no reasonable relationship to the object of the Legislation."[86] Contrary to Berkson's argument, we read 28 O.S. § 86 as a legislative determination that pro se plaintiffs are not similarly situated to attorney-represented plaintiffs for the purpose of collecting a lengthy trial fund fee. Berkson's allegation is that 28 O.S. § 86 is an impermissible special law because actions brought by pro se plaintiffs include pro se lawyers and such result has "no reasonable relationship" to the object of the statute when collecting a fee for the lengthy trial funds. Berkson's claim appears to rest upon the ideas that: (1) The Legislature could not, as a matter of law, anticipate the likely impact of section 86, and base its legislative deductions upon a conclusion that any attorney acting reasonably would obtain her or his own lawyer when possessing an action requiring a lengthy jury trial; or (2) The Legislature could not, as a matter of law, determine lawyers are less likely to file a pro se action due to certain circumstances, such as cases when there is uncertainty in obtaining a lawyer's pro se attorney's fee.[87]

¶54 Generally, a statutory classification is constitutional as long as the classification is reasonable, there is a reasonable opportunity for uniform application on the class created, and the statute is general in its application and embraces all of the given class.[88] We must determine whether the allegations in Berkson's petition indicate beyond any doubt that he can prove no set of facts which would entitle him to relief for his claim that 28 O.S.2021 § 86 is an unreasonable special law.[89] His petition indicates the legislature made a determination concerning the likelihood of lengthy jury trials for certain litigants in 28 O.S.2021 §86(D)(6), and that this classification is unreasonable. We disagree; the legislative determination is reasonable. We conclude section 86 does not unreasonably create two classes of litigants similarly situated.

V. Conclusion

¶55 We conclude the petition failed to state a claim that 28 O.S. § 86 is an unconstitutional special law. The two orders of the District Court of Tulsa County are affirmed.

¶56 ALL JUSTICES CONCUR.

FOOTNOTES

[1] We need not analyze the issue of finality with respect to multiple dismissal orders in multi-party litigation or the relationship between these two orders. The issue does not alter either the Court's appellate jurisdiction in this matter or the appellate adjudication of Berkson's assignments of error. For the purpose of this opinion we refer to the two orders as final orders of dismissal, or two orders of dismissal.

[2] The plaintiff, Berkson, sought to include a class of plaintiffs in his case. References to "plaintiffs" herein are used interchangeably with the plaintiff Berkson without any significance to his allegations concerning a class of plaintiffs.

[3] Rules of the Fourteenth Judicial District (Tulsa and Pawnee Counties), Rule CV 29, Journal Entries, Orders and Decrees, states in part: "Every journal entry, order, decree or other judgment presented to the Court for signature shall contain the approval as to form by the attorneys for each of the parties, unless waived by the Judge. If counsel cannot settle the journal entry or order, then the attorney proposing it shall give notice to opposing counsel of the time of presentation of the journal entry or order for signature by the Judge."

[4] Smith v. City of Stillwater, 2014 OK 42, ¶10, 328 P.3d 1192, 1197.

[5] See, e.g., Indep. Sch. Dist. No. 52 of Okla. Cty. v. Hofmeister, 2020 OK 56, ¶ 17, n.17, 473 P.3d 475, 485 ("[T]this Court looks to the content and substance of a motion rather than its title to determine how the motion is treated, and a motion to reconsider may be treated as a motion for a new trial pursuant to 12 O.S. § 651.").

[6] The motion is often labeled a term-time motion because: "Formerly the judgment could be vacated within the discretion of the court during the term at which it was rendered ... [and] [i]n 1969 the legislature replaced the term limitation with the thirty-day limitation in Section 1031.1." E. Dwight Morgan, Delayed Attacks on Final Judgments, 33 Okla. L. Rev. 45, n.2 (1980) (citing 12 O.S.1971 § 1031.1 and Whittett v. Payne, 1961 OK 247, 367 P.2d 718).

[7] See, e.g., Chemco Products, Inc. v. Moley Produce Co., Inc., 1980 OK 122, 615 P.2d 300, 301 (an order granting a motion for new trial and an order which vacates a judgment are "functional equivalents" for the statutory classification of a right to appeal pursuant to 12 O.S.1971 § 952(b), which provides that "an order which (a) 'grants or refuses (to grant) a new trial' or (b) 'vacates or refuses to vacate a final judgment' is subject to review in this court.").

[8] Myers v. Missouri Pacific Railroad Co., 2002 OK 60, ¶18, 52 P.3d 1014, 1022.

[9] Schepp v. Hess, 1989 OK 28, n.2, 770 P.2d 34, 36.

[10] See, e.g., Bank of Okla., N.A. v. Red Arrow Marina Sales & Serv., Inc., 2009 OK 77, ¶11, 224 P.3d 685, 693; (Rule 1.36 review of order adjudicating motion for new trial rested upon "the propriety of the earlier summary judgment, [and] we settle the abuse-of-discretion question by a de novo review of the summary adjudication's correctness.").

[11] Neumann v. Arrowsmith, 2007 OK 10, ¶9, 164 P.3d 116, 119 (A District Court retains plenary control, or "term-time authority," pursuant to 12 O.S. § 1031.1 over terminal decisions for a limited time period of thirty days.).

[12] A term-time motion to vacate (12 O.S. §1031.1) challenges "a judgment, decree or appealable order," and not an intermediate interlocutory ruling. LCR, Inc. v. Linwood Properties, 1996 OK 73, 918 P.2d 1388, 1393.

[13] Okla. Sup. Ct. R. 1.20(b) ("The following constitute final orders: . . . (3) an order modifying or refusing to modify a judgment."). Compare with Okla. Sup. Ct. R.1.60 (list of interlocutory orders appealable by right and including "granting a new trial" and when a court "vacate[s] a judgment on any ground"). See also Lebus v. Carden, 1978 OK 91, 583 P.2d 503, 504 ("We hold that the order overruling the motion to vacate the prior order was one affecting a 'substantial right' under 58 O.S.1971, Sec. 721(8), and thus was an appealable order under that section and Rule 1.60(g) of the Rules of Appellate Procedure in Civil Cases.").

[14] A final order is defined by 12 O.S.2021 § 953, and may be appealed pursuant to 12 O.S. 2021 § 952(b)(1). See, e.g., Neumann v. Arrowsmith, supra note 11 (trial court decision vacating judgment and granting a new trial to plaintiff pursuant to 12 O.S. § 1031.1 was affirmed on an appeal brought by defendants); Vann v. Union Cent. Life Ins. Co., 1920 OK 243, 191 P. 175, 177-76 (an order overruling a motion to vacate a judgment is a final order, because the order "finally disposes of the rights of the parties," and no further proceedings are necessary); Yery v. Yery, 1981 OK 46, 629 P.2d 357, 363 ("In an appeal from a [12 O.S. §1031] motion to vacate this Court does not look to the original judgment, but to the correctness of the court's response to the motion to vacate.").

[15] Salyer v. National Trailer Convoy, Inc., 1986 OK 70, 727 P.2d 1361, 1363 (quoted language applied to review of an order adjudicating relief sought pursuant to 12 O.S. § 1031.1); Yery v. Yery, supra note 14.

[16] State v. Torres, 2004 OK 12, ¶9, 87 P.3d 572, 579 ("The remedy to be pursued under these circumstances was for appellant to seek in the trial court postjudgment relief affordable by multiple statutory proceedings ... If appellant had met with an adverse ruling from the trial court, it could have appealed from that ruling and moved here to consolidate the two related appeals.") (material omitted).

[17] Markwell v. Whinery's Real Estate, Inc., 1994 OK 24, 869 P.2d 840, 842 (Court explained an "assignment of error should designate the allegations of error clearly so that the court and opposing parties may ascertain the issues raised").

[18] First Nat. Bank & Trust Co. of Ada v. Arles, 1991 OK 78, 816 P.2d 537, 539.

[19] Gray v. Holman, 1995 OK 118, n.11, 909 P.2d 776, 780 (citing Markwell v. Whinery's Real Estate, Inc., supra note 17, 869 P.2d at 843).

[20] Okla. Sup. Ct. R. 1.36 (c)(B)(9) ( Record on Appeal, In appeals from final orders on motions to dismiss).

[21] 12 O.S.2021 §651 states in part: "A new trial is a reexamination in the same court, of an issue of fact or of law or both, after a verdict by a jury, the approval of the report of a referee, or a decision by the court."

[22] See, e.g., Hardman v. Whitney, 1935 OK 1185, 52 P.2d 881, 882 ("A motion to vacate ... [is pursuant to a statute] empowering district courts to vacate or modify their judgments or orders, at or after the term in which such judgments or orders were made ... [and] an order denying a motion to vacate a judgment, under such circumstances, is an appealable order.") (material and citations omitted).

[23] See, e.g., In re Estate of Dicksion, 2011 OK 96, n.1, 286 P.3d 283, 284 ("A journal entry disposing of a § 1031.1 motion is an appealable event.") (citing Kordis v. Kordis, 2001 OK 99, ¶ 6, 37 P.3d 866, 869).

[24] Grisham v. City of Oklahoma City, 2017 OK 69, ¶19, 404 P.3d 843, 851 ("One example of the trap-for-the-unwary doctrine occurs when a poorly written statute or a not-so-clearly settled legal norm creates a veritable legal trap for the unwary.").

[25] Rules of the Fourteenth Judicial District (Tulsa and Pawnee Counties), Rule CV 29, Journal Entries, Orders and Decrees, states in part: "Every journal entry, order, decree or other judgment presented to the Court for signature shall contain the approval as to form by the attorneys for each of the parties, unless waived by the Judge. If counsel cannot settle the journal entry or order, then the attorney proposing it shall give notice to opposing counsel of the time of presentation of the journal entry or order for signature by the Judge."

[26] Capshaw v. Gulf Insurance Company, 2005 OK 5, ¶13, 107 P.3d 595, 602; Fitts v. Standard Life & Accident Ins. Co., 1974 OK 60, 522 P.2d 1040, 1043 (after enactment of 12 O.S. § 630 in 1951, a formal exception is not necessary, but a party must make known the ruling or order sought, or party's objection to the action of the court).

[27] See, e.g., Beyrer v. The Mule, LLC, 2021 OK 45, ¶ 28, 496 P.3d 983, 993 (Diligence in preventing and correcting alleged trial error is required for certain claims used to obtain a new trial pursuant to 12 O.S. § 651.).

[28] See, e.g., In re Adoption of M.J.S., 2007 OK 44, ¶30, 162 P.3d 211, 222 (because the best interests of the child is the determining factor for a child custody decision, trial court could not use a due diligence standard when adjudicating a motion for new trial based upon newly discovered evidence).

[29] See, e.g., Housing Authority of Cherokee Nation of Oklahoma v. Langley, 1976 OK 142, 555 P.2d 1025, 1027 (While pursuant to 12 O.S. §611 a party may make a timely request on the record for findings of fact and conclusions of law when a matter is tried and determined on the merits by the court without a jury; unless required by statute, trial court's failure to make findings of fact and state conclusions of law when sustaining a demurrer or a motion to dismiss is not reversible error.).

[30] In re Miller's Estate, 1938 OK 289, 78 P.2d 819, 823-24. See, e.g., Fitzgerald v. Caldwell, 1927 OK 234, 259 P. 209, 210 (party's previously filed request for findings of fact and conclusions of law was insufficient "unless the record affirmatively shows that such request was called to the attention of the trial judge at the trial of the cause before the final judgment was rendered and exception saved to his failure to comply with such request").

[31] Black, Sivalls & Bryson v. Farrell, 1928 OK 269, 268 P. 276, 277-78.

[32] Coussens v. Gilmore, 1966 OK 12, 410 P.2d 879, 883.

[33] 12 O.S.2021(G) states in part: "On granting a motion to dismiss a claim for relief, the court shall grant leave to amend if the defect can be remedied and shall specify the time within which an amended pleading shall be filed."

[34] Berkson's complaint was that: "Another unclear matter in both the First Order and Second Order was whether the dismissal was with or without prejudice . . . The Orders fail to state whether they are with or without prejudice." ROA, Exhibit 9, Plaintiffs' Motion to Reconsider or, In the Alternative, to Clarify Orders of Dismissal, pg. 68, July 22, 2022.

[35] See, e.g., Fanning v. Brown, 2004 OK 7, ¶23, 85 P.3d 841, 848 ("In order for the courts to dismiss a claim for failure to state a cause of action without giving the plaintiff the opportunity to amend, it must appear that the claim does not exist rather than the claim has been defectively stated.").

[36] Dani v. Miller, 2016 OK 35, ¶10, 374 P.3d 779, 785-86.

[37] See, e.g., Nicholson v. Stitt, 2022 OK 35, ¶¶4-5, ¶14, 508 P.3d 442, 445, 448 (trial court's dismissal was reviewed de novo, decision denying an amendment was reviewed for an abuse of discretion, and the petition's allegations showed the futility of an amendment).

[38] See, e.g., Christian v. Gray, 2003 OK 10, ¶ 43, 65 P.3d 591, 608 (application of the abuse-of-discretion standard requires a determination whether the trial court's discretion was based upon fact, law, or a mixed question of law and fact; and if the discretion was based upon an issue of law the trial court's decision is reviewed de novo on the alleged error of law).

[39] See, e.g., Dani v. Miller, 2016 OK 35, ¶11, 374 P.3d 779, 786 (defendant moving for dismissal of a petition bears the burden of proof to show the legal insufficiency of the petition).

[40] Okla. Stat. Ann. tit, 5, Ch. 1, App. 3-A, Rule 1.8 (West 2023) (Comment [10]).

[41] ROA, Exhibit 4, State of Oklahoma's Motion to Dismiss, pg. 26, Jan. 24, 2022.

[42] State ex rel. Okla. Corp. Comm. v. McPherson, 2010 OK 31, ¶25, 232 P.3d 458, 464-65.

[43] Estate of Hicks v. Urban East, Inc., 2004 OK 36, ¶ 5, 92 P.3d 88, 90 ("The function of a motion to dismiss is to test the law of the claims, not the facts supporting them.").

[44] Jackson v. Integra Inc., 952 F.2d 1260, 1261 (10th Cir. 1991) ("We review de novo a district court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted . . . Allegations in the plaintiff's complaint are presumed true.") (authority omitted).

[45] Guzman v. Guzman, 2021 OK 6, ¶6, 507 P.3d 630, 632 ("When ruling on a motion to dismiss for lack of standing, the trial court and the appellate court must accept the petition's allegations and all inferences that can be drawn from them as true.").

[46] Bowlin v. Alley, 1989 OK 66, ¶ 8, 773 P.2d 365, 367-68 (party possessed standing to challenge a statute providing for an award of attorney's fees to one prevailing party and not the opposing party).

[47] See, e.g., Indep. Sch. Dist. No. 52 of Okla. Cty. v. Hofmeister, supra note 5, at ¶73, 473 P.3d at 505-06 (A party's standing is based, in part, upon an allegation of an injury in fact to a cognizable legal interest, and judicial relief sought by the party would be sufficient to remedy the injury.); Cities Serv. Co. v. Gulf Oil Corp., 1999 OK 16, ¶ 3, 976 P.2d 545, 547 (Standing, at a minimum, is based upon a legally protected interest injured in fact, a causal nexus between the injury and defendant's conduct, and a likelihood the injury will be redressed by a favorable decision.).

[48] A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction in a federal court generally takes one of two forms, a facial attack upon the sufficiency of allegations in the federal complaint and a challenge to jurisdiction based upon the actual facts. City of Albuquerque v. U.S. Dep't of Interior, 379 F.3d 901, 906 (10th Cir. 2004) (quoting Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002) cert. denied, 538 U.S. 999, 123 S.Ct. 1908, 155 L.Ed.2d 826 (2003)); cf. Osage Nat. v. Bd. of Cty. Comm'rs of Osage Cty., 2017 OK 34, ¶66, 394 P.3d 1224, 1245-1246 (a motion to dismiss on a jurisdictional issue may raise an issue of fact not present on the face of the petition).

[49] Going beyond the face of a federal complaint to test its sufficiency may include: (1) documents that the complaint incorporates by reference, (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) matters of which a court may take judicial notice. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); Oxendine v. Kaplan, 241 F.3d 1272, 1275 (10th Cir. 2001); Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002).

[50] Bruce v. City and County of Denver, 57 F.4th 738, n.3, 741 (10th Cir. 2023) (quoting Tal v. Hogan, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006)); see also Johnson v. Spencer, 950 F.3d 680, 705 (10th Cir. 2020);Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Premier Growth Fund v. Alliance Capital Mgmt., 435 F.3d 396, 401 n. 15 (3d Cir.2006)); Wittenberg v. Okla. Health Care Auth., 781 F.Supp.2d 1221, 1227 (N.D.Okla. 2011) (quoting Tal v. Hogan, supra); cf. United Water and Sanitation Dist. v. Geo-Con, Inc., 488 F.Supp.3d 1052, 1057 (D.Colo. 2020) (judicial notice of adjudicative facts not subject to reasonable dispute could not apply to judicial notice of documents used to prove the truth of the matter asserted therein in relation to a motion to dismiss raising laches).

[51] McIvor v. Credit Control Servs., Inc., 773 F.3d 909, 914 (8th Cir. 2014) ("Judicial notice of another court's opinion takes notice of the existence of the opinion, which is not subject to reasonable dispute over its authenticity, but not of the facts summarized in the opinion.") (quoting Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir.2001) (on a Rule 12(b)(6) motion to dismiss the court may take judicial notice of another court's opinion, but "not for the truth of the facts recited therein, but for the existence of the opinion.") (quoting Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426--27 (3rd Cir.1999)); cf. United States v. Jones, 29 F.3d 1549, 1553--54 (11th Cir. 1994) ("If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous ... [and] [m]oreover, to deprive a party of the right to go to the jury with his evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury.").

[52] United States v. Wolny, 133 F.3d 758, 764 (10th Cir. 1998) (citing Fed. R. Evid. 201; Simon v. Taylor, 252 F.Supp.3d 1196, 1238 (D.N.M. 2017) (citing Fed. R. Evid. 201(b), (f); Leon v. Fedex Ground Package Sys., Inc., 163 F.Supp.3d 1050, 1066 (D.N.M. 2016)(Browning, J.))).

[53] 12 O.S. 2011 § 2202:
A. This section governs only judicial notice of adjudicative facts.
B. A judicially noticed adjudicative fact shall not be subject to reasonable dispute in that it is either:
1. Generally known within the territorial jurisdiction of the trial court; or
2. Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
C. A court may take judicial notice, whether requested or not.
D. A court shall take judicial notice if requested by a party and supplied with the necessary information.
E. In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed. In a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed.

[54] See, e.g., Boyle v. ASAP Energy, Inc., 2017 OK 82, ¶30, 408 P.3d 183, 193-194 (Objective facts must be produced by plaintiff for his or her cause of action, the factum probans (the fact which is stated), must be presented to the finder of fact to prove the factum probandum (the factual proposition to be proved) required as part of plaintiff's cause of action.).

[55] United States v. Aluminum Co. of America, 148 F.2d 416, 445-46 (2d Cir.1945) (L. Hand, J.) (Judicial notice was taken of the report of the Truman Committee but calculations of aluminum production in the report "would not be conclusive, or more than evidence ... [and] facts which a court may judicially 'notice' do not for that reason become indisputable.").

[56] Powers v. Dist. Ct. of Tulsa County, 2009 OK 91, ¶6, 227 P.3d 1060, 1066-1067 (an evidentiary hearing is held to resolve factual disputes relating to jurisdiction); cf. Paper, Allied-Indus., Chem. and Energy Workers Int'l Union v. Cont'l Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005) (citing Wheeler v. Hurdman, 825 F.2d 257, 259 n. 5 (10th Cir.1987)) (When a party's attack upon jurisdiction goes beyond the face of the pleading, the federal court has wide discretion to allow documentary and even testimonial evidence.).

[57] Payne v. Kerns, 2020 OK 31, ¶10, 467 P.3d 659, 664.

[58] Hamid v. Sew Original, 1982 OK 46, 645 P.2d 496, 497.

[59] Young v. Station 27, Inc., 2017 OK 68, n. 5, 404 P.3d 829; see also Crest Infiniti, II, LP v. Swinton, 2007 OK 77, ¶ 10, 174 P.3d 996, 1002 (unsworn statements by counsel in both a motion and a response by opposing counsel do not constitute evidence).

[60] We need not address procedural and substantive issues involving when a party's legal standing may intersect with various defenses in 12 O.S.2021 § 2012.

[61] Fischencord v. Peterson, 1935 OK 746, 49 P.2d 128, 132 (explanation and emphasis added) (court stated demurrers were correctly sustained on the ground of misjoinder of causes of action the appellate court concluded it was unnecessary to determine whether a defendant's demurrer based upon res adjudicata was a sufficient pleading); see also Leahy v. Indian Territory Illuminating Oil Co., 1913 OK 559, 135 P. 416 ("On appeal by a plaintiff from an order, which sustained a demurrer to the petition on one of several grounds, this court will consider all the grounds assigned, and the order will be sustained if any of such grounds are well taken.") (Syllabus by the Court).

[62] Smith v. Westinghouse Elec. Corp., 1987 OK 3, n.3, 732 P.2d 466, 467.

[63] Dutton v. City of Midwest City, 2015 OK 51, ¶31, n.65, 353 P.3d 532, 547 (citing Naylor v. Petuskey, 1992 OK 88, 834 P.2d 439, 440, and stating application of a jury fee prescribed by 28 O.S. § 152.1 was a publici juris issue); Barzellone v. Presley, 2005 OK 86, n.16, 126 P.3d 588, ("the issue of jury fee collections is a matter of publici juris, warranting consideration by this Court").

[64] Wells v. Okla. Roofing & Sheet Metal, L.L.C., 2019 OK 45, ¶7, 457 P.3d 1020, 1024.

[65] Farley v. City of Claremore, 2020 OK 30, ¶10, 465 P.3d 1213, 1221.

[66] ROA, Exhibit 5, Plaintiffs' Combined Response to Defendants' Motions to Dismiss, p.49, Feb. 14, 2022.

[67] EOG Res. Mktg., Inc. v. Okla. State Bd. of Equalization, 2008 OK 95, 196 P.3d 511 (68 O.S.2001 § 2851.3 was an unconstitutional special law in violation of the Okla. Const. Art. 5, § 46); Zeier v. Zimmer, 2006 OK 98, 152 P.3d 861 (63 O.S. Supp.2003 § 1--1708.1E violates Okla. Const. Art. 5, § 46); Reynolds v. Porter, 1988 OK 88, 760 P.2d 816 (76 O.S.1981 § 18 violated Okla. Const. Art. 5, § 46).

[68] Benedetti v. Cimarex Energy Co., 2018 OK 21, 415 P.3d 43 (85 O.S. 2011 § 302(H) violated Okla. Const. Art. 5, § 59).

[69] If we deemed Berkson's motion to reconsider as a functional equivalent to a motion for new trial, then no additional information would be revealed because the motion is silent on a prohibited special law.

[70] Okla. Const. Art. 5 § 59: "Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted."

[71] Zeir v. Zimmer, 2006 OK 98 at ¶11, 152 P.3d at 866 ("The Reynolds Court attempted to eliminate the confusion between a constitutional attack brought under art. 5, § 46, containing specific legislative prohibitions, and art. 5, § 59, allowing the Legislature to pass special laws when no general law is applicable.") (note omitted).

[72] Braitsch v. City of Tulsa, 2018 OK 100, ¶9, 436 P.3d 14, 20.

[73] Glasco v. State ex rel. Okla. Dep't of Corr., 2008 OK 65, ¶20, 188 P.3d 177, 184.

[74] ROA, Exhibit 1, Petition for Declaratory, Injunctive and Monetary Relief, p.4, Dec. 29, 2021.

[75] Id.

[76] ROA, Exhibit 1, Petition for Declaratory, Injunctive and Monetary Relief, p.5, Dec. 29, 2021.

[77] ROA, Exhibit 5, Plaintiffs' Combined Response to Defendants' Motions to Dismiss, p.48, Feb. 14, 2022.

[78] ROA, Exhibit 1, Petition for Declaratory, Injunctive and Monetary Relief, pgs. 6-7, Dec. 29, 2021; ROA, Exhibit 5, Plaintiffs' Combined Response to Defendants' Motions to Dismiss, pgs.48-9, Feb. 14, 2022.

[79] ROA, Exhibit 5, Plaintiffs' Combined Response to Defendants' Motions to Dismiss, pgs.48, Feb. 14, 2022 (explanation and emphasis added).

[80] Berkson cites as an example Fent v. State ex rel. Dep't of Human Services, 2010 OK 2, 236 P.3d 61 to illustrate his point concerning a pro se attorney. ROA, Exhibit 5, Plaintiffs' Combined Response to Defendants' Motions to Dismiss, pg. 48, n.3, Feb. 14, 2022. Fent was a controversy exercising this Court's original jurisdiction to issue declaratory relief, and a jury trial is not part of this Court's exercise of original supervisory jurisdiction. State ex rel. Brett, Cty. Atty. v. Kenner, 1908 OK 156, 97 P. 258, 260.

[81] Kitchen v. Herbert, 755 F.3d 1193, 1222-23 (10th Cir. 2014) (quoting Turner Broad. Sys., Inc. v. FCC, 520 U.S. 180, 117 S.Ct. 1174, 137 L.Ed.2d 369 (1997) and Turner Broad. Sys., Inc. v. FCC, 512 U.S. 622, 662, 114 S.Ct. 2445, 129 L.Ed.2d 497 (1994) (plurality opinion).

[82] Kitchen v. Herbert, 755 F.3d at 1223 (quoting Heller v. Doe ex rel. Doe, 509 U.S. 312, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993)

[83] Ross v. Peters, 1993 OK 8, 846 P.2d 1107, 1115-16.

[84] Beason v. I. E. Miller Services, Inc., 2019 OK 28, n.2, 441 P.3d 1107, 1111 (citing Reynolds v. Porter, 1988 OK 88, ¶ 21, 760 P.2d 816, 824).

[85] Glasco v. State ex rel. Okla. Dep't of Corr., 2008 OK 65, ¶27, 188 P.3d 177, 186.

[86] Beason v. I. E. Miller Services, Inc., 2019 OK 28, ¶6, 441 P.3d 1107, 1111 (quoting Ponca Iron & Metal, 2010 OK 75, ¶ 6, 242 P.3d 534, 536).

[87] See, e.g., Weaver v. Laub, 1977 OK 242, 574 P.2d 609 (if the dangers in awarding pro se lawyer's attorney's fees can be minimized, the fees should be awarded, and the fees were allowed in a partition proceeding); Kay v. Ehrler, 499 U.S. 432, 437-386, 111 S.Ct. 1435,113 L.Ed.2d 486 (1991) (When discussing an attorney's fee award pursuant to 42 U.S.C. § 1988, the Court opined it is better when a plaintiff does not consider himself or herself to be competent to litigate on his or her own behalf; and the Court noted the adage that "'a lawyer who represents himself has a fool for a client' is the product of years of experience by seasoned litigators.'").

[88] Southon v. Okla. Tire Recyclers, LLC, 2019 OK 37, ¶11, 443 P.3d 566, 571.

[89] Fanning v. Brown, 2004 OK 7, ¶4, 85 P.3d 841, 844.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1986 OK 70, 727 P.2d 1361, 57 OBJ 2883, 
Salyer v. National Trailer Convoy, Inc.
Discussed

 
1987 OK 3, 732 P.2d 466, 58 OBJ 68, 
Smith v. Westinghouse Elec. Corp.
Discussed

 
1988 OK 88, 760 P.2d 816, 59 OBJ 1987, 
Reynolds v. Porter
Discussed at Length

 
1989 OK 28, 770 P.2d 34, 60 OBJ 540, 
Schepp v. Hess
Discussed

 
1989 OK 66, 773 P.2d 365, 60 OBJ 1139, 
Bowlin v. Alley
Discussed

 
1913 OK 559, 135 P. 416, 39 Okla. 312, 
LEAHY v. INDIAN TERR. ILLUMINATING OIL CO.
Discussed

 
1991 OK 78, 816 P.2d 537, 
First Nat. Bank and Trust Co. of Ada v. Arles
Discussed

 
1992 OK 88, 834 P.2d 439, 63 OBJ 1834, 
Naylor v. Petuskey
Discussed at Length

 
1993 OK 8, 846 P.2d 1107, 64 OBJ 440, 
Ross v. Peters
Discussed

 
1938 OK 289, 78 P.2d 819, 182 Okla. 534, 
In re MILLER'S ESTATE
Discussed

 
1994 OK 24, 869 P.2d 840, 65 OBJ 795, 
Markwell v. Whinery's Real Estate, Inc.
Discussed

 
2001 OK 99, 37 P.3d 866, 72 OBJ 3420, 
KORDIS v. KORDIS
Discussed

 
1935 OK 746, 49 P.2d 128, 173 Okla. 382, 
FISHENCORD v. PETERSON
Discussed

 
1935 OK 1185, 52 P.2d 881, 175 Okla. 235, 
HARDMAN v. WHITNEY
Discussed

 
1961 OK 247, 367 P.2d 718, 
WHITTETT v. PAYNE
Discussed

 
1908 OK 156, 97 P. 258, 21 Okla. 817, 
STATE ex rel. BRETT v. KENNER
Discussed

 
1920 OK 243, 191 P. 175, 79 Okla. 17, 
VANN et al. v. UNION CENTRAL LIFE INS. CO. et al.
Discussed

 
1966 OK 12, 410 P.2d 879, 
COUSSENS v. GILMORE
Discussed

 
2002 OK 60, 52 P.3d 1014, 
MYERS v. MISSOURI PACIFIC RAILROAD CO.
Discussed

 
1971 OK 17, 481 P.2d 144, 
SOUTHEASTERN, INC. v. DOTY
Discussed

 
1995 OK 118, 909 P.2d 776, 66 OBJ 3468, 
Gray v. Holman
Discussed

 
1974 OK 60, 522 P.2d 1040, 
FITTS v. STANDARD LIFE & ACCIDENT INSURANCE CO.
Discussed

 
2003 OK 10, 65 P.3d 591, 
CHRISTIAN v. GRAY
Discussed

 
2004 OK 7, 85 P.3d 841, 
FANNING v. BROWN
Discussed at Length

 
2004 OK 12, 87 P.3d 572, 
STATE v. TORRES
Discussed

 
2004 OK 36, 92 P.3d 88, 
ESTATE OF HICKS v. URBAN EAST, INC.
Discussed

 
2005 OK 5, 107 P.3d 595, 
CAPSHAW v. GULF INSURANCE COMPANY
Discussed

 
2005 OK 86, 126 P.3d 588, 
BARZELLONE v. PRESLEY
Discussed

 
2006 OK 98, 152 P.3d 861, 
ZEIER v. ZIMMER, INC.
Discussed at Length

 
2007 OK 10, 164 P.3d 116, 
NEUMANN v. ARROWSMITH
Discussed

 
2007 OK 44, 162 P.3d 211, 
IN THE MATTER OF THE ADOPTION OF: M.J.S.
Discussed

 
1996 OK 73, 918 P.2d 1388, 67 OBJ 2060, 
LCR, Inc. v. Linwood Properties
Discussed

 
2007 OK 77, 174 P.3d 996, 
CREST INFINITI II, LP v. SWINTON
Discussed

 
2008 OK 65, 188 P.3d 177, 
GLASCO v. STATE ex rel. OKLAHOMA DEPARTMENT OF CORRECTIONS
Discussed at Length

 
2008 OK 95, 196 P.3d 511, 
EOG RESOURCES MARKETING v. OKLAHOMA STATE BD. OF EQUALIZATION
Discussed

 
2009 OK 77, 224 P.3d 685, 
BANK OF OKLAHOMA v. RED ARROW MARINA SALES & SERVICE
Discussed

 
2009 OK 91, 227 P.3d 1060, 
POWERS v. DISTRICT COURT OF TULSA COUNTY
Discussed

 
2010 OK 2, 236 P.3d 61, 
FENT v. STATE ex rel. DEPT. OF HUMAN SERVICES
Discussed at Length

 
2010 OK 31, 232 P.3d 458, 
STATE ex rel. OKLAHOMA CORPORATION COMMISSION v. McPHERSON
Discussed

 
2010 OK 75, 242 P.3d 534, 
PONCA IRON & METAL, INC. v. WILKINSON
Discussed

 
2011 OK 96, 286 P.3d 283, 
IN THE MATTER OF THE ESTATE OF DICKSION
Discussed

 
1976 OK 142, 555 P.2d 1025, 
HOUSING AUTH. OF CHEROKEE NAT., OKLA. v. LANGLEY
Discussed

 
2014 OK 42, 328 P.3d 1192, 
SMITH v. CITY OF STILLWATER
Discussed

 
2015 OK 51, 353 P.3d 532, 
DUTTON v. CITY OF MIDWEST CITY
Discussed

 
1977 OK 242, 574 P.2d 609, 
WEAVER v. LAUB
Discussed

 
2016 OK 35, 374 P.3d 779, 
DANI v. MILLER
Discussed at Length

 
1978 OK 91, 583 P.2d 503, 
LEBUS v. CARDEN
Discussed

 
2017 OK 34, 394 P.3d 1224, 
OSAGE NATION v. BD. OF COMMISSIONERS OF OSAGE COUNTY and OSAGE NATION v. OSAGE COUNTY BD. OF ADJUSTMENT
Discussed

 
1980 OK 122, 615 P.2d 300, 
Chemco Products, Inc. v. Moley Produce Co., Inc.
Discussed

 
2017 OK 68, 404 P.3d 829, 
YOUNG v. STATION 27, INC.
Discussed

 
2017 OK 69, 404 P.3d 843, 
GRISHAM v. CITY OF OKLAHOMA CITY
Discussed

 
2017 OK 82, 408 P.3d 183, 
BOYLE v. ASAP ENERGY, INC.
Discussed

 
2018 OK 21, 415 P.3d 43, 
BENEDETTI v. CIMAREX ENERGY COMPANY
Discussed

 
2018 OK 100, 436 P.3d 14, 
BRAITSCH v. CITY OF TULSA
Discussed

 
1928 OK 269, 268 P. 276, 131 Okla. 249, 
BLACK v. FARRELL
Discussed

 
2019 OK 28, 441 P.3d 1107, 
BEASON v. I. E. MILLER SERVICES, INC.
Discussed at Length

 
2019 OK 37, 443 P.3d 566, 
SOUTHON v. OKLAHOMA TIRE RECYCLERS, LLC
Discussed

 
2019 OK 45, 457 P.3d 1020, 
WELLS v. OKLAHOMA ROOFING & SHEET METAL
Discussed

 
2020 OK 30, 465 P.3d 1213, 
FARLEY v. CITY OF CLAREMORE
Discussed at Length

 
2020 OK 31, 467 P.3d 659, 
PAYNE v. KERNS
Discussed

 
2020 OK 56, 473 P.3d 475, 
INDEPENDENT SCHOOL DISTRICT # 52 v. HOFMEISTER
Discussed

 
2021 OK 6, 481 P.3d 250, 
WAREHOUSE MARKET v. STATE ex rel. OKLAHOMA TAX COMM.
Cited

 
2021 OK 26, 507 P.3d 630, 
GUZMAN v. GUZMAN
Cited

 
2021 OK 45, 496 P.3d 983, 
BEYRER v. THE MULE
Discussed

 
2022 OK 35, 508 P.3d 442, 
NICHOLSON v. STITT
Discussed

 
1981 OK 46, 629 P.2d 357, 
Yery v. Yery
Discussed

 
1927 OK 234, 259 P. 209, 126 Okla. 162, 
FITZGERALD & LAIRD v. CALDWELL
Discussed

 
1982 OK 46, 645 P.2d 496, 
Hamid v. Sew Original
Discussed

 
1999 OK 16, 976 P.2d 545, 70 OBJ 778, 
Cities Service Co. v. Gulf Oil Corp.
Discussed at Length

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 611, 
Statement of Findings and Conclusions of Law
Cited

 
12 O.S. 630, 
Exceptions - How Taken to Action of Court
Cited

 
12 O.S. 651, 
New Trial - Definition - Causes for
Discussed at Length

 
12 O.S. 952, 
Jurisdiction of Supreme Court
Discussed

 
12 O.S. 953, 
Final Order Defined
Cited

 
12 O.S. 990.2, 
Post-Trial Motions - Matters Taken Under Advisement - Costs, Attorney Fees, and Interest
Discussed at Length

 
12 O.S. 1031, 
District Court, Power to Vacate or Modify its Judgments, When
Discussed

 
12 O.S. 1031.1, 
Authorization to Correct, Open, Modify or Vacate Judgments - Time - Notice - Costs
Discussed at Length

 
12 O.S. 2012, 
Defenses and Objections - When and How Presented - By Pleading or Motion
Discussed at Length

 
12 O.S. 2202, 
Judicial Notice of Adjudicative Facts
Discussed

Title 28. Fees

 
Cite
Name
Level

 
28 O.S. 152.1, 
Civil Actions - Charge in Addition to Flat Fee
Cited

 
28 O.S. 86, 
Jurors' Fees - Parking - Lengthy Trial Fund
Discussed at Length

Title 51. Officers

 
Cite
Name
Level

 
51 O.S. 151, 
Short Title
Cited

Title 58. Probate Procedure

 
Cite
Name
Level

 
58 O.S. 721, 
Appealable Judgments and Orders of District Court
Cited

Title 62. Public Finance

 
Cite
Name
Level

 
62 O.S. 206, 
Taxes and Fees - Payment Under Protest - Suit
Cited

Title 68. Revenue and Taxation

 
Cite
Name
Level

 
68 O.S. 2851.3, 
No Changes - Valuation Methodology of Gas Gathering System Assets
Cited

Title 76. Torts

 
Cite
Name
Level

 
76 O.S. 18, 
Limitation of Action
Cited

Title 85. Workers' Compensation

 
Cite
Name
Level

 
85 O.S. 302, 
Repealed
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA